IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| DICK ANTHONY HELLER, *et al.* ) | |
| ) | |
| Appellants ) | |
| ) | |
| v. ) | No. 10-7036 |
| ) | |
| THE DISTRICT OF COLUMBIA, *et al.* ) | |
| ) | |
| Appellees ) | |

**APPELLANTS' MOTION TO STRIKE
REFERENCES TO A VIDEO IN APPELLEES' BRIEF
AND TO STRIKE A PORTION OF APPELLEES' STATUTORY ADDENDUM
AND REFERENCES THERETO IN APPELLEES' BRIEF**

COME NOW Appellants (hereinafter "Appellants" or "Plaintiffs"), by counsel, and move to strike references in Appellees' Brief to unsworn live testimony in a video available at a website maintained by the District. Appellees (hereinafter "Appellees" or "The District") use that testimony in their Brief in an effort to prove factual matters to support summary judgment. This video was not included in the record, has never been mentioned by Appellees until their Brief in this court, and the video has not been filed with this court. Accordingly, pages 29-32 of Appellees' Brief should be stricken.

Appellants also move to strike pages 161-223 of Appellees' Statutory Addendum ("SA") and to strike references in Appellees' Brief to those pages. The pages in question consist of a report by the Committee on Public Safety and the Judiciary of the District of

Columbia Council ("Committee Report"), and attachments containing unsworn written testimony on which the Committee Report was partly based. Appellees rely extensively on these documents in their Brief to attempt to prove factual matters to support the district court's grant of summary judgment. These documents were not, however, introduced in the district court, are not contained in the appellate record in this case, and are not properly included in a Statutory Addendum. Accordingly, they should be stricken from the Statutory Addendum and any references thereto in Appellees' Brief should be disregarded.

## PROCEDURAL HISTORY

In the district court, the parties filed cross-motions for summary judgment. Plaintiffs' motion was accompanied by six sworn Declarations. JA 53-92. Plaintiffs also filed a Statement of Undisputed Material Facts in Support of Plaintiffs' Motion for Summary Judgment ("UMF"). JA 44-52. To establish undisputed facts, each numbered paragraph in Plaintiffs' UMF contained a specific citation to the complaint and answer (in which facts were admitted by the District), a specific citation to the sworn declarations filed therewith, or both. JA 44-52.

The District's motion was accompanied by a Statement of Material Facts as to Which There Is No Genuine Issue. JA 123-25. These filings were supported by no affidavits, declarations, or other documents to establish or controvert facts. Instead, the District's Statement of Material Facts contained only: 1) citations to the Supreme Court's 2008 decision in *District of Columbia v. Heller ("Heller")* (JA 123-24, ¶¶ 1-6); 2) references to

a website containing the Committee Report (JA 124, ¶¶ 7-9); and citations to the D.C. Register and DCMR, referring only to regulations and other legal or procedural matters (JA 124-25, ¶¶ 10-14). Only four pages of the Committee Report were referenced (pp. 2, 3, and 11-12). JA 124. The propositions sought to be established by these citations to the Committee Report were that the D.C. Council adopted "a number of emergency and temporary measures" in response to *Heller*; that the Council "held a number of public hearings on amending the District's gun laws" and "heard from dozens of witnesses during these hearings" (citing to the list of witnesses in the Committee Report); and that the District "changed the law to allow the registration of most semi-automatic handguns and rifles." JA 124, pars. 7-9. The Committee Report was not filed with the district court or attached to the summary judgment documents.

In response, Plaintiffs filed their Statement of Genuine Issues Necessary to be Litigated. JA 127-31. After quoting LCvR 7(h) and 56.1, which require a party's statement of material facts to include "references to the parts of the record relied on to support the statement," Plaintiffs noted that the District's Statement of Material Facts failed "to include any actual facts or evidence," but instead cited only to the *Heller* case and other non-factual materials described above. JA 127-28. Plaintiffs pointed out, however, that the District's Memorandum of Points and Authorities contained factual allegations from the Committee Report that were not contained in the District's Statement of Material Facts and objected that those unsupported allegations "should not be considered" by the Court because they

-3-

were "not presented in compliance with LCvR 7(h) & 56.1." JA 128. Plaintiffs then presented a list of material facts that needed to be litigated "if the court does consider" the unsupported allegations presented by the District in their brief. JA 128. Plaintiffs' list of genuine issues of fact that needed to be litigated were supported by two additional declarations (JA 132-42) filed in response to the improperly presented factual allegations contained in the District's Memorandum, which consisted largely of citations to the unfiled Committee Report, as well as other documents not in the record.

When the District filed their Opposition to Plaintiffs' Statement of Undisputed Material Facts, they cited no documents, in the record or otherwise, to dispute the facts established by Plaintiffs' UMF which, as noted, was supported by citations to declarations and the record. JA 143-48. Instead, the District did not dispute Plaintiffs' factual propositions, or "objected" that they were allegedly not material or not relevant, or purportedly contained argument or legal conclusions. *Id*.

The district court's Memorandum Opinion (JA 150-79) cited to the Committee Report to establish facts for summary judgment purposes that were contrary to the facts presented by Plaintiffs in their filed declarations, that went far beyond the few "facts" alleged (without proof) by the District in their Statement of Material Facts, and that were unsupported by any factual materials in the record of the case. *See, e.g.,* district court's discussion at JA 172-75. The district court did not mention Plaintiffs' UMF, or any of the eight filed declarations in the case.

The Committee Report and four attachments were not included in the Joint Appendix. Instead, Appellees included the Committee Report and attachments in their Statutory Addendum. This material, which is relied on by Appellees in their Brief to establish factual propositions in support of summary judgment, consists of:

1. Report on Bill 17-843, "Firearms Registration Amendment Act of 2008" by Committee on Public Safety and the Judiciary. SA 161-177.

2. Attachment described in the Report as "Bill 17-843 as introduced" (with cover memorandum). SA 178-81.

3. Attachment described in the Report as "Selected testimony and comments," consisting of:[1]

    a. Written testimony of Joshua Horowitz, Executive Director, Educational Fund to Stop Gun Violence. SA 182-88.

    b. Written testimony of Juliet A. Leftwich, Legal Director, Legal Community Against Violence. SA 189-96.

    c. Written testimony of Brian J. Siebel, Senior Attorney, Brady Center to Prevent Gun Violence. SA 197-203.

    d. Written testimony of Daniel W. Webster, Co-Director, Johns Hopkins Center for Gun Policy and Research. SA 204-07.

---

[1] All written testimony pertains to the Firearms Control Amendment Act of 2008 and is dated October 1, 2008, unless otherwise noted.

e. Written testimony of Peter J. Nickles, Acting Attorney General for the District of Columbia. SA 208-11.

f. Written testimony of Cathy L. Lanier, Chief of Police, Metropolitan Police Department. SA 212-17.

g. Written testimony of Cathy L. Lanier, Chief of Police, Metropolitan Police Department, at Hearing on the Impact of Proposed Legislation on the District of Columbia's Gun Laws, Committee on Oversight & Government Reform, United States House of Representatives, September 9, 2008. SA 218-23.

3. Attachment described in the Report as "Fiscal Impact Statement for Second Emergency." SA 224-226.

4. Attachment described in the Report as "Committee Print for Bill." SA 227-47.

In their Brief, Appellees have also sought to introduce new factual evidence to support summary judgment by inserting a link to a video contained on a District website. Appellees refer to "oral testimony" at the October 1, 2008, hearing of the Committee on Public Safety and the Judiciary to attempt to establish a number of factual propositions. Appellees' Brief at 29-32 (*citing* http://oct.dc.gov/services/on_dem and_video/channel13/October2008/10_01_08_JUDICI.asx). At this link is a three and a half hour video of the Committee's hearings, including unsworn testimony by representatives of advocacy groups (every reference in the format H\_\_\_-\_\_ is to this video). There are twelve citations to the video to support numerous matters of alleged fact,

principally relating to the characteristics of "assault weapons." Neither this link nor the video was mentioned in the district court, let alone introduced into the record below.

**ARGUMENT**

**I.**
**THE PAGES OF APPELLEES' BRIEF REFERRING TO**
**VIDEO TESTIMONY ON A WEBSITE SHOULD BE STRICKEN**

At pp. 29-32 of Appellees' Brief, Appellees, for the first time on appeal, cite a video on a District website, which displays certain testimony at a public hearing on October 1, 2008.[2] The portions cited by Appellees in their Brief consist predominantly of unsworn testimony by representatives of various advocacy groups supporting the ban on "assault weapons."[3] This "testimony" is cited by Appellees to support factual assertions relating to: 1) the prevalence of ownership of assault weapons; 2) whether assault weapons are useful for legitimate self-defense, as opposed to use in crime; 3) their "military" character; 4) their alleged rate of fire; 5) the alleged purpose of pistol grips on some of these arms; 6) the alleged purpose of telescoping stocks; 7) the alleged "firepower" of these firearms; and 8) the degree to which magazines over ten-round capacity are useful for legitimate purposes.

---

2  No link was provided by the District to any video or transcript of the hearings held on September 18, 2008, at which many individuals and group representatives spoke in opposition to the bill, or to another hearing held "on gun control generally."  *See* JA 152.

3  The oral testimony by representatives of advocacy groups was apparently unsworn. Testimony by District officials was sworn. The citations to the video in Appellees' Brief are to the unsworn testimony.

-7-

All of these are factual assertions, and Plaintiffs put into the summary judgment record in the district court sworn declarations addressing all of these points. For each numbered point above, contrary factual evidence submitted by Plaintiffs is found or cited at, for example: 1) JA 46; 2) JA 46, 48-49; 3) JA 129; 4) JA 128-29; 5) JA 47-48; 6) JA 48; 7) JA 49-52, 128-29; 8) JA 49, 50-52. This video was not mentioned in the trial court proceedings; it was not filed with the district court and is not part of the record on appeal; the "testimony" by advocacy group members was unsworn and was given out of court; and Appellees have not filed a copy of the video with this court.

This court will not ordinarily consider "evidence that a party never presented to the district court." *Carter v. George Washington University*, 387 F.3d 872, 877 (D.C. Cir. 2004) (documents discussed in motion in trial court, but not attached to motion, will not be considered on appeal even though motion made reference to them). Accordingly, this court in *Carter* granted a motion to strike several purported exhibits and the portion of the appellate brief relying on them. *See also Environmental Defense Fund, Inc.* v. *Costle*, 657 F.2d 275, 284 n.32 (D.C. Cir. 1981) ("The record on appeal should consist of the record before the district court, and should not include information made available subsequent to the date of the decision below");[4] *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1035-36

---

4  In *Environmental Defense Fund, Inc.*, this court granted a motion to "strike all papers, and related discussion, that were not before the district court, which are included in the Joint Appendix at 1041-1063, and which are referenced in EDF's reply brief at 22-23. . . ." *Environmental Defense Fund, Inc.,* 657 F.2d at 284 n.32.

(D.C.Cir. 1988) (court of appeals looks "at the record before the District Court at the time it granted the motion, not at some later point"); *National Anti-Hunger Coalition v. Executive Comm. of the President's Private Sector Survey on Cost Control,* 711 F.2d 1071, 1075 (D.C. Cir. 1983) (appellate court "cannot receive new evidence from the parties....[f]actfinding and the creation of a record are the functions of the district court....").

This principle applies in summary judgment cases as well as cases disposed of in another fashion. In reviewing summary judgment cases, the appellate court "can consider only those papers that were before the trial court. The parties cannot add exhibits, depositions, or affidavits to support their position." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2716 (3d ed. 1998) (*citing, inter alia, Ramsey v. U.S.*, 463 F.2d 815 (D.C. Cir. 1972). *See USA Petroleum Co. v. Atlantic Richfield Co.*, 13 F.3d 1276, 1279 (9th Cir. 1994) ("Only the record that was before the district court is normally considered . . . and the summary judgment record cannot be supplemented on appeal") (citations omitted); *see also Asociacion de Periodistas de Puerto Rico v. Mueller*, 529 F.3d 54, 57 (1st Cir. 2008) (court of appeals declined to consider a DVD that, although heavily relied on by defendants, had not been properly admitted into summary judgment evidence in the district court).

Further, while a court may take judicial notice of certain facts pursuant to Fed. R.

Evid. 201(b),[5] Appellees cannot rely on Rule 201(b) because the facts asserted in the video are subject to reasonable dispute, are not generally known within the territorial jurisdiction of the trial court, and are not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. As this court has previously explained:

> Appellants have filed a motion requesting that this court take judicial notice of 172 pages of unauthenticated documentary material consisting primarily of minutes of meetings of the Micronesian Claims Commission and correspondence between the Foreign Claims Settlement Commission and the Micronesian Claims Commission. We deny appellants' motion. Judicial notice was never intended to permit such a widespread introduction of substantive evidence at the appellate level, particularly when there has been absolutely no showing of special prejudice or need. The documentary evidence submitted by appellants is not the type of material embraced by Rule 201(b)(2) of the Federal Rules of Evidence; that rule is designed to permit judicial recognition of material such as scientific data or historical fact that, although outside the common knowledge of the community, is nevertheless ascertainable with certainty without resort to cumbersome methods of proof.

*Melong* v. *Micronesian Claims Com'n*, 643 F.2d 10, 12 n.5 (D.C. Cir. 1980).

The testimony is also inadmissible hearsay under Fed. R. Evid. 801 and 802, and does not fit within in any of the hearsay exceptions under Rule 803 or 804. Inadmissible

---

5 A court may take judicial notice of an adjudicative fact if that fact is:

> not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b).

hearsay cannot be used to raise a fact issue for purposes of summary judgment. *Gleklen v. Democratic Congressional Campaign Committee, Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000) (deposition evidence that was hearsay "counts for nothing" on summary judgment).

Finally, the testimony is not legislative findings which a court could consider when determining "an issue of constitutional law . . . ." *Sable Communications of Cal., Inc. v. FCC,* 492 U.S. 115, 129 (1989).[6]

Pages 29-32 of Appellees' Brief should be stricken.

## II.
## THE COMMITTEE REPORT SHOULD BE STRICKEN
## BECAUSE IT WAS NOT INCLUDED IN THE RECORD BELOW

As discussed above, the record on appeal "should consist of the record before the district court . . . ." *Environmental Defense Fund, Inc.*, 657 F.2d at 284 n.32. The Committee Report was not placed in the record in the district court, and should be stricken from Appellees' Statutory Addendum.

Only materials that are actually filed in the district court are considered part of the record on appeal. According to the Federal Rules of Appellate Procedure, "the following items constitute the record on appeal: (1) the original *papers and exhibits filed* in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed.R.App.P. 10(a) (emphasis added). In *C.N. v. Willmar*

---

6 On issues of constitutional law, the courts do not defer to legislative findings; courts must make their own "independent judgment of the facts bearing on an issue of constitutional law . . . ." *Sable Communications,* 492 U.S. at 129.

-11-

*Public Schools, Dist. No. 347*, 591 F.3d 624, 629 n.4 (8th Cir. 2010), a party on appeal included in her Appendix two administrative decisions that were not part of the record below. The Court of Appeals noted: "'An appellate court can properly consider only the record and facts before the district court and thus *only those papers and exhibits filed in the district court* can constitute the record on appeal.' (citation omitted)." (emphasis added).

Moreover, Appellees' Statutory Addendum is a particularly inappropriate vehicle for presenting dozens of pages of unsworn factual testimony that were not in the record before the district court. Fed.R.App.P. 28(f) provides:

> If the court's determination of the issues presented requires the study of statutes, rules, regulations, etc., the relevant parts must be set out in the brief or in an addendum at the end, or may be supplied to the court in pamphlet form.

This court's rules make it clear that only statutes and regulations, not testimony or other materials, are to be included at the end of the brief or in a statutory addendum. Circuit Rule 28(A)(5) provides:

> Pertinent *statutes and regulations* must be set forth either in the body of the brief . . . or in an addendum . . . bound with the brief or separately . . . . If the *statutes and regulations* are included in an addendum [certain formatting requirements apply]. If the pertinent *statutes and regulations* are contained in a brief previously submitted by another party [a prescribed statement must be included] (emphasis added).

Plainly, a Statutory Addendum is a place to include only statutes and regulations that the court must construe, not to insert a mass of evidentiary material that a party failed to include in the district court record.

Appellees should not be permitted to supplement the record on appeal to remedy their failure in the district court to present facts in support of their summary judgment motion in the manner required by Fed. R. Civ. P. 56 and LCvR 7(h). Nor can they now seek to correct their similar failure in the district court under those two rules to contest the eight sworn declarations that were properly filed by Plaintiffs.

Fed. R. Civ. P. 56(c)(2) states that summary judgment may be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(e) further provides, regarding the manner in which facts may be established or controverted:

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

LCvR 7(h) requires that:

Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue,

which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement.… In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

As described in the Procedural History section above, Plaintiffs filed eight sworn declarations in accordance with Rule 56 and LCvR 7(h), as well as its UMF which cited to the parts of the record relied on. JA 44-92, 132-142; *see also* Plaintiffs' Statement of Genuine Issues, filed in response to the District's motion. JA 127-131. As noted above, however, the District's Statement of Material Facts consisted mainly of citations to legal authorities. JA 123-26. Although it did contain three paragraphs that referenced the Committee Report (JA 124), the Committee Report was not attached or filed with the district court. The three references related largely to the fact that hearings were held and the law was changed, and contained none of the detailed citations to testimony and other alleged facts which the District now includes in its Brief on appeal. JA 124.

There is also no doubt that Appellees rely on the Committee Report to attempt to prove facts. For example, a relevant issue in this case under *Heller* is whether the firearms that the District prohibits as "assault weapons" are included in the class of firearms that are "in common use" and are "typically possessed" by law-abiding citizens for "lawful purposes" such as self-defense. *Heller,* at 2815-16.

A few examples bearing on these factual issues will suffice. Plaintiffs proffered evidence in declarations to show that what the District calls "assault weapons" are, in fact, "in common use." Among other things, it showed that a single model (the AR-15) of the numerous firearms models banned by the District "accounted for 14.4 percent of rifles made in the U.S. for the domestic market in 2007," and that a "projected 2,145,162 AR-15 type rifles will have been produced and not exported from 1986 through 2009." JA 46 (Plaintiffs' UMF, *citing* Overstreet Decl. ¶¶ 9,10). Over 150,000 M15 rifles/rifle receivers, AR 10 rifles/rifle receivers, and AR 180 rifles have been manufactured by Armalite. JA 48 (Plaintiffs' UMF, *citing* Westrom Decl. ¶ 4). They are "commonly possessed" for a wide range of purposes. JA 48 (Plaintiffs' UMF, citing Westrom Decl. ¶ 5). The District counters that "assault weapons are a tiny percentage of firearms available in the country." Appellees' Brief at 29. It states that "Both written and oral testimony so indicated." *Id.* However, none of this "testimony" was introduced in the district court. The citations given are to the unsworn written testimony of an attorney from the Brady Center attached to the Committee Report (SA 203) and to the video on the website. But clearly, this "testimony" is meant to prove a factual proposition: namely, that these weapons are not "in common use" within the meaning of *Heller*.

As another example, Plaintiffs presented sworn evidence that what the District calls "assault weapons" are "typically possessed" by law-abiding citizens for many lawful purposes, including self-defense. Plaintiffs' evidence showed that because of accuracy and

-15-

the nature of the round fired, certain Armalite models have experienced broad acceptance for security and personal protection. JA 49 (Plaintiffs' UMF, *citing* Westrom Decl. ¶ 9). Such models are also typically used for other lawful purposes, such as formal target shooting (including National Match competition), informal target shooting, and certain kinds of hunting. JA 48-49 (Plaintiffs' UMF, citing Westrom Decl. ¶¶ 7, 8). The District responds that "assault weapons are not useful for legitimate self-defense." Appellees Brief at 30. In support of that statement, the District cites only to the Committee Report (SA 167) and to "testimony" in the video. Again, whether these firearms are useful for lawful purposes such as legitimate self-defense is a question of fact under *Heller*.

In short, these are factual contentions that should have been presented to the trial court in accordance with the requirements of Rule 56(e) and LCvR 7(h). This Court has required strict adherence to those requirements in summary judgment cases. In *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996), the plaintiff had filed an inadequate Statement of Material Facts, which did not include citations to the record, and plaintiff had not adequately disputed the Local Rule 108(h) statement (the predecessor to LCvR 7(h)) filed by defendant. *Jackson*, 101 F.3d at 148. The plaintiff instead attempted to rely on factual assertions in his Memorandum of Law, just as the District has done here. In affirming the district court's ruling striking plaintiff's Statement, this Court observed:

> Requiring strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes. The moving party's

statement specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record which the movant believes support his statement. The opponent then has the opportunity to respond by filing a counterstatement and affidavits showing genuine factual issues. The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record.

*Id*. at 150-51.

*See also Potter v. District of Columbia*, 558 F.3d 542, 549-50 (D.C. Cir. 2009) (evidence not referenced by District of Columbia in summary judgment proceedings could not be urged by District on appeal); *Tarpley v. Greene*, 684 F.2d 1, 6 n.15 (D.C. Cir. 1982) ("This court has made it clear that 'failure to file a proper [predecessor local rule] Statement in making or opposing a motion for summary judgment may be fatal to the delinquent party's position.' *Gardels v. CIA*, 637 F.2d 770, 773 (D.C. Cir.1980); *see Thompson v. Evening Star Newspaper Co.*, 394 F.2d 774, 776-77 (D.C. Cir.), *cert. denied*, 393 U.S. 884, 89 S.Ct. 194, 21 L.Ed.2d 160 (1968).").

Appellees failed to file the Committee Report or otherwise establish or controvert material facts in the district court in accordance with Rule 56(e) and LCvR 7(h). They cannot now base their factual case in this Court on documents that were not presented to the district court by smuggling those documents into a Statutory Addendum.

The proper use of a committee report is to "shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms." *Exxon Mobil Corp. v.*

*Allapattah Services, Inc.,* 545 U.S. 546, 568 (2005).[7] Further, legislative findings in a committee report which "declare the reasons impelling legislative action" (*Landmark Communications, Inc. v. Virginia,* 435 U.S. 829, 844 (1978)) may be used to demonstrate the government's compelling interest as part of strict scrutiny analysis,[8] subject to the caveat that, on issues of constitutional law, the courts do not defer to legislative findings; courts must make their own "independent judgment of the facts bearing on an issue of constitutional law . . . ." *Sable Communications, supra*, 492 U.S. at 129.

The Committee Report and its attachments were not filed in the district court and are not being used to shed a reliable light on the City Council's understanding of otherwise ambiguous terms. Thus, the Committee Report and its attachments should be stricken.

### RELIEF REQUESTED

Pages 29-32 of Appellees' Brief should be stricken, the Committee Report and its attachments (SA 161-223) should be stricken from the Statutory Addendum, and all citations in Appellees' Brief to those documents should be disregarded.

---

7 Justice Stevens (joined by Justice Breyer) noted in dissent that "it is unwise to treat the ambiguity *vel non* of a statute as determinative of whether legislative history is consulted" because "judges are more, rather than less, constrained when we make ourselves accountable to *all* reliable evidence of legislative intent." *Exxon Mobil Corp.*, 545 U.S. at 572. Thus, there was no disagreement that the purpose of consulting legislative history is to determine legislative intent.

8 Under a strict scrutiny analysis, the government must demonstrate that a restriction "is (1) narrowly tailored, to serve (2) a compelling state interest." *Republican Party of Minnesota v. White*, 536 U.S. 765, 774-75 (2002).

Respectfully submitted,

Dick Anthony Heller
Absalom F. Jordan, Jr.
William Carter
Mark Snyder

By counsel

/s/Stephen P. Halbrook
Stephen P. Halbrook
D.C. Bar No. 379799
protell@aol.com


/s/Richard E. Gardiner
Richard E. Gardiner
D.C. Bar No. 386915
regardiner@cox.net

Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
(703) 352-7276
(703) 359-0938 (fax)

CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing APPELLANTS' MOTION TO STRIKE REFERENCES TO A VIDEO IN APPELLEES' BRIEF AND TO STRIKE A PORTION OF APPELLEES' STATUTORY ADDENDUM AND REFERENCES THERETO IN APPELLEES' BRIEF was served on, via the CM/ECF system, and was mailed, first class postage prepaid, to, Todd S. Kim, Solicitor General, 441 4th Street, N.W., Suite 600S, Washington, D.C. 20001this 8th day of October, 2010.

                /s/Richard E. Gardiner
                Richard E. Gardiner