No. 10-7036

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

DICK ANTHONY HELLER, et al., Plaintiffs-Appellants,

v.

DISTRICT OF COLUMBIA, et al., Defendants-Appellees.

_____

ON APPEAL FROM A JUDGMENT OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

**APPELLEES' OPPOSITION TO APPELLANTS' MOTION TO STRIKE**

_____

PETER J. NICKLES
Attorney General for the District of Columbia

TODD S. KIM
Solicitor General

DONNA M. MURASKY
Deputy Solicitor General

HOLLY M. JOHNSON
Assistant Attorney General
Office of the Solicitor General

Office of the Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6609

## INTRODUCTION

The District of Columbia and Mayor Adrian M. Fenty ("the District") oppose appellants' motion to strike. Appellants ask this Court to strike pages in the District's statutory addendum that reproduce the legislative committee report underlying the challenged statutory provisions and pages from the District's brief that refer to another part of the legislative history.

The motion is procedurally improper. Appellants consented to the District's earlier motion to include legislative history in its statutory addendum. The motion to strike was filed more than two months after this Court granted the District's unopposed motion, and more than a month after the District filed its brief and statutory addendum. The belated motion to strike, which appellants' reply brief purports to incorporate by reference, constitutes an improper attempt to supplement the reply brief without leave of this Court. The Court should reject their attempt to evade briefing limitations.

The motion is also substantively meritless. Contrary to appellants' arguments, the District's reliance before this Court on portions of the legislative history — especially portions on which the district court itself relied — is clearly proper and consistent with precedent in the Supreme Court and this Court, including precedent the District cited in its brief but appellants do not even attempt to distinguish. Appellants' further arguments about the weight the legislative

findings should receive are not only misplaced in a motion to strike, but also meritless.  The motion to strike should be denied.

## BACKGROUND

As the District's brief relates, the Council of the District of Columbia (Council) began the process of rewriting the District's gun laws to comply with *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008), immediately after that decision issued.  District Brief 3.  The Council enacted emergency legislation quickly and then held public hearings as it considered permanent legislation.  *Id.*; District's Statutory Addendum (SA) 161–62, 171–74.  These hearings before the Council Committee on Public Safety and the Judiciary are recorded and available online.  In particular, the hearing of October 1, 2008, is available at: http://oct.dc.gov/services/on_demand_video/channel13/October2008/10_01_08_ JUDICI.asx.  The hearings were followed by a committee report, with attachments including some of the written testimony that had been presented to the Council.  Council Committee on Public Safety and the Judiciary, Report on Bill 17-843, Nov. 25, 2008 (Committee Report) (SA 161–247).  The full Council soon thereafter unanimously approved the committee's bill based on the Committee Report.  *See* http://www.dccouncil.washington.dc.us/lims/searchbylegislation.aspx (search for L17-372).  After the Mayor signed the bill and Congress declined to disapprove it, it became law on March 31, 2009.  Joint Appendix (JA) 152.

In this litigation, the District has relied upon legislative history contained in official Council records in defending the constitutionality of the resulting Firearms Registration Amendment Act of 2008. The District emphasized in moving for summary judgment that the factual judgments underlying the Council's legislation deserved substantial deference. Record Document (RD) 25, at 31–32. Thus, its motion for summary judgment both provided the district court with the Council's official website where the Committee Report could be found and repeatedly referenced and relied upon the report and the written testimony in the public record. *Id.* at 3–7, 9–11, 30–32. Plaintiffs in response discussed why the legislative findings in the report did not, in their view, support the District's motion for summary judgment even assuming the district court could consider the findings. RD26, at 20–24, 29–30.

The district court in granting the District's motion for summary judgment accepted the District's invitation. It recognized that the Council's factual judgments played a key role in the analysis:

> [T]he court is mindful that legislative bodies are "far better equipped than the judiciary to amass and evaluate the vast amounts of data bearing upon legislative questions." *Turner Broad. Sys., Inc. v. Fed. Commc'ns Comm'n*, 520 U.S. 180, 195 (1997) (citations and quotation marks omitted). Even in cases such as this one in which laws are subjected to intermediate scrutiny because they implicate constitutional rights, the Supreme Court has specified that "deference must be accorded to [congressional] findings as to the harm to be avoided and to the remedial measures adopted for that end, lest [the courts] infringe on traditional legislative authority to make predictive

3

> judgments when enacting nationwide regulatory policy." *Id.* The
> same principle holds true for the findings of the Council in this case.

JA167–68. As a result, the district court extensively quoted from and repeatedly cited the Committee Report and written testimony. JA152, 169–76, 178.

Plaintiffs appealed. RD33. On August 3, 2010, the District filed a *consent* motion for this Court's leave to file a statutory addendum including relevant, publicly available legislative history. The motion explained:

> 1. Circuit Rule 28(a)(1)(5) allows the use of addenda to set forth pertinent statutes and regulations, but does not directly speak to legislative history.

> 2. Appellants challenge certain District statutes under the Second Amendment. The district court relied on legislative history relating to those statutes in its opinion (Record Document 32), and the District also intends to do so in its brief. Having such legislative history in an addendum will be convenient for the Court in considering this appeal.

> 3. Counsel for appellants consents to this motion.

Consent Motion for Leave to File Statutory Addendum Including Legislative History 1–2. As the motion represented, counsel for appellants consented, and they filed no opposition. This Court granted the motion the next day. Appellants did not object then, or after the District filed its brief and statutory addendum a month later, on September 3, 2010. Instead, they waited more than a month to file their motion to strike on October 8, 2010, just a few hours after the Court released an order setting the date for oral argument and identifying the merits panel.

**ARGUMENT**

## I.  THE MOTION TO STRIKE IS PROCEDURALLY IMPROPER.

The Court views motions to strike "with disfavor." *Williams v. IRS*, 745 F.2d 702, 705 n.3 (D.C. Cir. 1984) (per curiam).  As an initial matter, this Court should not entertain appellants' motion to strike legislative history from the District's statutory addendum given that they consented to the District's motion for leave in this regard.  The Court granted the motion without opposition.  Having failed to object at the proper time, they should not be heard to object now.

That is especially so given the prejudicial tardiness of the motion to strike.  Not only was the motion filed more than two months after this Court granted the District leave to include legislative history in its statutory addendum, but the motion was filed more than a month after the District filed its brief and the statutory addendum.  *Cf.* Fed. R. Evid. 103(a)(1) (motions to strike must be timely).  Appellants notably waited to file their motion until just a few hours after the Court issued an order scheduling oral argument and announcing the merits panel.  It appears they intended that the motion be received and decided by the same panel that decides this case.  *See Handbook of Practice and Internal Procedures* (*Handbook*) 32 ("Once a case is assigned to a merits panel, everything relating to the case comes under the exclusive control of the panel.  All motions filed in the case are submitted to the panel.").

The timing of this motion in itself strongly suggests that appellants are improperly attempting to supplement their reply brief without seeking or receiving leave to do so. The reply brief was limited to 7,000 words. Fed. R. App. P. 32(a)(7)(B). They filed a brief with 6,846 words. Appellants' Reply Brief 30 (unnumbered page with certificate of compliance). It refers directly to the motion to strike in an attempt to incorporate the motion's arguments by reference. *Id.* at 23 n.22. That is improper. The parties' arguments on the merits should appear in the parties' briefs. *See* Fed. R. App. P. 28(a)(9) (stating that the "argument" section of appellant's brief "must contain . . . appellant's contentions and the reasons for them"). The Court's *Handbook* explains that "counsel may not refer this Court to sections of pleadings filed in the district court to support those contentions upon which it relies on appeal in lieu of addressing such arguments *in the brief*," although "a party may adopt or incorporate by reference all or any part *of the brief* of another." *Handbook* 37, 43 (emphasis added).

As this Court has previously explained in denying a motion to strike: "[M]otions to strike, as a general rule, are disfavored. The points raised in the motion might have been presented, concisely, in the reply brief. There was no need for appellants to burden this court with a motion to strike." *Stabilisierungsfonds fur Wein v. Kaiser Stuhl Wine Distributors*, 647 F.2d 200, 201 (D.C. Cir. 1981) (per curiam order) (footnote omitted). The same is true here.

## II. THE DISTRICT COURT COULD AND THIS COURT CAN CONSIDER THE ENTIRE LEGISLATIVE HISTORY UNDERLYING THE CHALLENGED STATUTES EVEN IF WAS NOT FORMALLY INTRODUCED AS EVIDENCE.

At its essence, appellants' argument is that this Court should not consider pertinent legislative history even though the district court itself did because the District did not formally introduce it as "evidence." That argument is meritless. A motion to strike is properly denied where, as here, the material that the movant claims was improperly referenced is subject to judicial notice. *E.g.*, *Power Inc. v. NLRB*, 40 F.3d 409, 426 n.11 (D.C. Cir. 1994); *Bebchick v. Washington Metro. Area Transit Comm'n*, 485 F.2d 858, 880 n.176 (D.C. Cir. 1973).

As the District explained in its brief, federal courts can judicially notice the legislative history underlying challenged statutes, even without its formal introduction as evidence. District Brief 33 (citing *Alaska v. American Can*, 358 U.S. 224, 226–27 (1959); *Stasiukevich v. Nicolls*, 168 F.2d 474, 479 (1st Cir. 1948)).[1] Appellants do not distinguish the cases the District cited, or cite *any* case in which judicial notice of legislative history was held or even thought improper.

---

[1]    There are many more cases that so indicate. *E.g.*, *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) ("We grant [appellant's] motion for judicial notice, in which he requests we take judicial notice of the legislative history of [a state statute challenged on constitutional grounds]. *See* Fed.R.Evid. 201(b)."); *Gonzales v. Castle Rock*, 307 F.3d 1258, 1266 n.2 (10th Cir. 2002) (denying a motion to strike state statutes and legislative history attached to a brief, because such materials "are properly subject to judicial notice under Fed.R.Evid. 201, which may be taken at any stage in the proceedings"), *rev'd on other grounds*, 545

Appellants nevertheless disagree that judicial notice is available in this particular instance because, they say, the matters addressed in the Council's official legislative record do not meet the standards of Federal Rule of Evidence 201(b), being "subject to reasonable dispute, . . . not generally known within the territorial jurisdiction of the trial court, and . . . not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Motion to Strike 10. They misunderstand the nature of the materials at issue and the judicial notice the district court was entitled to take. There is no dispute that the materials are in fact authentic, in the sense that the Committee Report on which the district court relied was the actual committee report from the Council's deliberations. As discussed above, when there is no dispute about authenticity, judicial notice of legislative history is well accepted. The only case appellants cite regarding judicial notice (Motion to Strike 10) does not involve legislative history and is distinguishable. *See Melong v. Micronesian Claims Comm'n*, 643 F.2d 10, 12 n.5 (D.C. Cir. 1980) (declining to take "judicial notice of 172 pages of unauthenticated documentary material consisting primarily of minutes of meetings of the Micronesian Claims Commission and correspondence between the Foreign Claims Settlement Commission and the Micronesian Claims

U.S. 748 (2005); *Adarand Constructors, Inc. v. Slater*, 228 F.3d 1147, 1168 n.12 (10th Cir. 2000) (taking judicial notice of legislative history cited by the government, and noting additional relevant legislative history not cited by the government), *cert. dismissed as improvidently granted*, 534 U.S. 103 (2001).

Commission" that was not "ascertainable with certainty without resort to cumbersome methods of proof").

Although appellants disagree with the Council's conclusions, that disagreement goes to the *weight* those conclusions deserve (as discussed further below), not to whether the district court could consider the Council's official legislative record at all. The district court, after all, did not merely accept as true everything the Committee Report said. Instead, given the deference the court found was due to the Council's fact-finding, the court found that, even considering appellants' evidence, the Council had a sufficient basis for finding as it did. JA168–75. Even if the court's analysis had been wrong, it surely was entitled to consider the Committee Report.

The hearing video cited in the District's brief is similarly subject to judicial notice, even though the District did not rely upon it directly in the district court. Again, there is no dispute regarding authenticity, in the sense that the hearing video cited in the District's brief is an accurate recording of a relevant Council hearing. (Lead plaintiff Dick Heller and one of appellants' counsel even testified at another one of the hearings. SA171–72; http://oct.dc.gov/services/on_demand_video/ channel13/September2008/09_18_08_JUDICI_2.asx.) This Court can take judicial notice of the hearing video whether or not the district court did, for "[j]udicial notice may be taken at any stage of the proceeding." Fed. R. Evid. 201(f); *see*

*American Can*, 358 U.S. at 226–27 & n.4 (taking judicial notice of legislative history of state law on file with the state secretary).[2]

An additional nuance appellants ignore is that the rule on which they rely, Federal Rule of Evidence 201, "governs only judicial notice of adjudicative facts," not legislative facts. Fed. R. Evid. 201(a); *see id.*, Notes of Advisory Committee on 1972 Proposed Rules. Courts can "read *anything* for purposes of ascertaining 'legislative' facts." *Mail Order Ass'n of Am. v. USPS*, 2 F.3d 408, 434 (D.C. Cir. 1993); *see Buckley v. Valeo*, 519 F.2d 817, 818 (D.C. Cir. 1975) (*en banc*) (per curiam order requiring district court on remand to "[t]ake whatever may be necessary in the form of evidence over and above submissions that may suitably be handled through judicial notice, as of legislative facts, supported by legislative history or works reasonably available, to the extent not controverted in material and substantial degree"); *cf. Chicago Mercantile Exch. v. SEC*, 883 F.2d 537, 541–42 (7th Cir. 1989) (denying a motion to strike a "report to the Senate . . . , which the court would be free to consult whether or not anyone had supplied it; lodging simply reduces the workload of the court's librarian"). Although the distinction is sometimes elusive, "[a]djudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal

---

[2]     Even if that were not so, appellants' request that this Court strike "pages 29–32" of the District's brief (Motion to Strike 1, 18) is plainly overbroad, as those pages contain material in addition to references to the hearing video.

reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." Fed. R. Evid. 201(a), Notes of Advisory Committee on 1972 Proposed Rules; *see Association of Nat'l Advertisers v. FTC*, 627 F.2d 1151, 1163 n.24 (D.C. Cir. 1979) (citing cases in which courts "have considered legislative facts that were not the product of trial-type proceedings").  That legislative facts may judicially be noticed is presumably why appellants, like the District, rely on historical material that was not formally introduced in the record to try to elucidate what the Second Amendment means.  *E.g.*, Appellants' Brief 39–40; District Brief 20–22, 40–41.

For all these reasons, the district court could and this Court can consider the relevant legislative history whether or not the record of that history was formally introduced as evidence.

## III. APPELLANTS' OTHER ARGUMENTS ABOUT WHY THE LEGISLATIVE RECORD DESERVES NO WEIGHT ON APPEAL OF THE DISTRICT COURT'S SUMMARY JUDGMENT RULING ARE BOTH MISPLACED IN A MOTION TO STRIKE AND INCORRECT IN ANY EVENT.

In addition to their argument that the legislative history was never formally introduced into evidence and that judicial notice was improper, appellants present various arguments about why, assuming the district court could take judicial notice of the legislative history, it nonetheless erred in giving the legislative history the weight it did.  Such arguments are not properly part of a motion to strike, as they

are not grounds for striking anything. *See United States v. Kain*, 589 F.3d 945, 952 (8th Cir. 2009) (affirming the denial of a motion to strike that "went to the weight" of evidence, not its admissibility); *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1188 (2d Cir. 1992) (same). Instead, such arguments should have been made in appellants' briefs to support a claim of error by the district court. Again, this Court should disregard the arguments rather than validate appellants' attempt to evade the procedural rules relating to briefing.

In any event, those other arguments are meritless. *First*, appellants believe that, whether or not the material on which the District relied was subject to judicial notice, the district court could not rely upon it for purposes of summary judgment because it was not introduced as evidence for summary judgment in accordance with Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h). Motion to Strike 13–14. That is incorrect. Again, "[j]udicial notice may be taken at any stage of the proceeding." Fed. R. Evid. 201(f). Thus, as the treatise on which appellants rely (Motion to Strike 9) makes plain, "[t]he doctrine of judicial notice applies to motions under Rule 56; . . . the court may consider anything in support of or in opposition to summary judgment that it may judicially notice, subject to the normal limitations on and procedures for invoking the doctrine." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2723, at 391–92 (3d ed. 1998) (footnotes omitted); *see* 11 *Moore's Federal*

*Practice* § 56.14(3) (3d ed. 2004) ("In considering a motion for summary judgment, the materials that may be submitted to the court for consideration may also be supplemented by any facts subject to judicial notice."). Thus, the Supreme Court and other courts have recognized that judicially noticed material, not just formally introduced evidence, may be relevant at summary judgment.[3] As the District explained in its brief, committee report findings not only may be judicially noticed, but also are "evidence of the facts asserted." District Brief 32–33 (quoting *Stasiukevich*, 168 F.2d at 479).[4]

Further, as the District's brief explained, "whether any sanction was warranted for any local rule violation was for the district court in its discretion, *see Bush v. D.C.*, 595 F.3d 384, 387 (D.C. Cir. 2010), and it properly chose to accept and rely on the legislative history the District cited. RD25; JA167–76." District

---

[3]    *E.g.*, *Nixon v. Shrink Mo. Gov't PAC*, 528 U.S. 377, 393–94 (2000) (on review from summary judgment, the Court considered not only "the evidence introduced into the record by [the state defendants]" but also material "cited by the lower courts," including newspaper articles); *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004); *Anderson v. Cramlet*, 789 F.2d 840, 845 (10th Cir. 1986); *Eden Toys, Inc. v. Marshall Field Co.*, 675 F.2d 498, 500 n.1 (2d Cir. 1982).

[4]    Appellants do not cite or distinguish *Stasiukevich* in their motion to strike, though they address it in their reply brief, where they emphasize that the decision "held that a court need not 'accept the findings in the report as indisputable truth,' and that 'the other party may introduce evidence tending to prove the contrary.'" Appellants' Reply Brief 24 n.26. There is no dispute on that point, however. Appellants were entitled to introduce their own evidence, but for the reasons the district court and the District have explained, the evidence they introduced created no genuine issue of material fact. JA168–76; District Brief 33–35.

Brief 33. Appellants do not even attempt to respond to that point in either their motion to strike or their reply brief, let alone attempt to describe how the district court abused its discretion. Instead, they rely on cases in which this Court *upheld* exercises of district court discretion regarding the local rules. Motion to Strike 16–17 (citing, *e.g.*, *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 148, 150–51 (D.C. Cir. 1996)). Those cases obviously do not show an abuse of discretion by the district court here.

*Second*, on a related note, appellants suggest that, whether or not the district court could consider judicially noticed material at summary judgment, this Court cannot refer to material it judicially notices itself in reviewing the district court's summary judgment ruling. Motion to Strike 9. Again, that is incorrect. To be sure, the general rule is that, "[i]n reviewing summary judgment cases, the appellate court 'can consider only those papers that were before the trial court. The parties cannot add exhibits, depositions, or affidavits to support their position.'" *Id.* (quoting 10A Wright, *supra*, § 2716, at 282). Federal Rule of Evidence 201(f) and precedent establish, however, that this rule does not prevent an appellate court from exercising judicial noticed on appeal where appropriate.[5]

---

[5]     *E.g.*, *Charleston v. A Fisherman's Best, Inc.*, 310 F.3d 155, 172 (4th Cir. 2002) (taking judicial notice of a federal "Fishing Management Plan," "even if it was not called to the attention of the trial court," in the course of reversing a summary judgment ruling); *Hotel Employees & Restaurant Employees Union, Local 100 v. City of N.Y. Dep't of Parks & Recreation*, 311 F.3d 534, 540 & n.1

Indeed, in a case appellants cite (Motion to Strike 9), this Court on appeal of a grant of summary judgment specifically noted that "an appellate court has latitude to amplify the record for facts that are not essentially in dispute," though it declined to do so because there was dispute about the facts in question. *Ramsey v. United States*, 463 F.2d 815, 816 & n.1 (D.C. Cir. 1972) (per curiam). The case *Ramsey* cited explains: "In the interest of justice, and to provide sound disposition of precedential questions of law, an appellate court may on occasion refer to factual items lodged by the parties, even though not strictly part of the record, at least where there is no significant factual issue and no purpose would be served by a remand." *United States v. Kearney*, 420 F.2d 170, 173 n.4 (D.C. Cir. 1969).

Here, declining to consider the legislative history contained in official Council records would serve no purpose. Even assuming that the district court could consider the legislative history only if it was formally introduced as evidence in the summary judgment record, and further that appellants' evidence stood unrebutted, the district court would not have been obliged to grant them summary judgment: "even though the summary-judgment standard appears to have been met, the court should have the freedom to allow the case to continue when it has any doubt as to the wisdom of terminating the action prior to a full trial." 10A

(2d Cir. 2002) (taking judicial notice, in affirming the rejection on summary judgment of a First Amendment challenge to Lincoln Center's prohibition on political rallies, demonstrations, and leafleting, of "descriptions and history of Lincoln Center"); *Lowrance v. Pflueger*, 878 F.2d 1014, 1018 (7th Cir. 1989).

Wright, *supra*, § 2728, at 525–27; *see* Fed. R. Civ. P. 56, Notes of Advisory Committee on 2007 Amendments; *Hudson v. Hardy*, 412 F.2d 1091, 1095 n.12 (D.C. Cir. 1968). At most, appellants' argument would lead to a remand, but that remand would serve no purpose because the District could simply introduce the Council's legislative record formally as evidence.

*Third*, appellants appear to suggest that legislative history is applicable only for yielding insight on the meaning of ambiguous statutes and explaining the government's interest "as part of strict scrutiny analysis," and thus not for supporting legislative findings of constitutionally significant facts. Motion to Strike 17–18. But that argument is plainly inconsistent with precedent. Legislatures are presumed to be "far better equipped than the judiciary to 'amass and evaluate the vast amounts of data' bearing upon" legislative questions. *Turner Broad. Sys.*, 520 U.S. at 195 (quoting *Turner Broad. Sys. v. FCC*, 512 U.S. 622, 665–66 (1994) (plurality op. of Kennedy, J.)). Thus, as this Court has explained in considering the constitutionality of a District statute under intermediate scrutiny:

> in considering the District Council's decision, we must bear in mind that we are not reviewing a district court's or an agency's findings of historical fact which is a more structured kind of decision than a legislative judgment. And even in the context of review of agency rulemaking, we are obliged to give great leeway to predictive judgments based on a matter within the agency's sphere of expertise.

*Hutchins v. District of Columbia*, 188 F.3d 531, 542 (D.C. Cir. 1999) (*en banc*). The Supreme Court similarly has deferred to "Congress' factfinding function" and,

in the context of a constitutional challenge to a statute under intermediate scrutiny, held: "The question is not whether Congress, as an objective matter, was correct to determine [a factual issue]. Rather, the question is whether the legislative conclusion was reasonable and supported by substantial evidence in the record before Congress." *Turner Broad. Sys.*, 520 U.S. at 199, 211; *cf. Frizelle v. Slater*, 11 F.3d 172, 176 (D.C. Cir. 1997) (noting that, in reviewing a grant of summary judgment on the district court's review of an administrative decision, this Court would overturn factual findings in the administrative decision only if "unsupported by substantial evidence"). Indeed, a legislature may satisfy even strict scrutiny sometimes "based solely on history, consensus, and 'simple common sense.'" *Florida Bar v. Went For It*, 515 U.S. 618, 628 (1995).

Thus, in *Hutchins*, as the District's brief explained, this Court in applying intermediate scrutiny found "that the Council had an 'adequate[]' basis for certain factual conclusions based on [a Metropolitan Police Department] chart summarized in a committee report. It did so even though the district court, like plaintiffs here, questioned the chart's reliability." District Brief 32 (citing *Hutchins*, 188 F.3d at 542–44 & n.5, and *id.* at 565 n.27 (Rogers, J., dissenting in part)). Appellants present no response to this case in their motion to strike. Their discussion of *Hutchins* in their reply brief, meanwhile, is telling. They attempt to distinguish the case primarily on the ground that the law at issue "implicate[d] no fundamental

rights."  Appellants' Reply Brief 24 (citing *Hutchins*, 188 F.3d at 534).  They are

mistaken.  In the portion of the decision on which they rely, only a plurality of the

*en banc* Court concluded that no fundamental rights were at issue.  *Hutchins*, 188

F.3d at 536–41 (plurality op. of Silberman, J.).  In the passage on which the

District relies, a majority of the Court assumed that the law "implicated

fundamental rights" but nonetheless applied intermediate scrutiny, discussed the

deference due to the Council, and looked to legislative history for support for the

Council's factual findings.  *Hutchins*, 188 F.3d at 541–45.  Appellants thus do not

support their apparent belief that legislative history recorded in official legislative

records cannot be used to support legislative findings of constitutionally significant

facts in this context.

That legislatures get deference in such matters does not in any way call into

question the federal courts' prerogative to "make their own 'independent judgment

of the facts bearing on an issue of constitutional law,'" as appellants suggest.

Motion to Strike 11 n.6, 18 (quoting *Sable Communications of Cal. v. FCC*, 492

U.S. 115, 129 (1989)).  The point made in the case on which appellants rely is that

deference has its limits:  "To the extent that the federal parties suggest that we

should defer to Congress' conclusion about an issue of constitutional law, our

answer is that while we do not ignore it, it is our task in the end to decide whether

Congress has violated the Constitution."  *Sable Communications of Cal.*, 492 U.S.

at 129. "This obligation to exercise independent judgment . . . is not a license to reweigh the evidence *de novo*, or to replace Congress' factual predictions with [a court's] own." *Turner Broad. Sys.*, 512 U.S. at 666 (plurality op. of Kennedy, J.).

*Fourth*, appellants err in suggesting that everything in the legislative record save "legislative findings" themselves is inadmissible. Motion to Strike 11. They cite *Sable Communications* for that proposition, but it simply does not support what they say. 492 U.S. at 192. Indeed, it is clear from precedent that both the Supreme Court and this Court look to material in the legislative record that supports legislative findings, not just the legislative findings themselves. *E.g.*, *Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 434–42 (2002) (plurality op. of O'Connor, J.); *Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 50–52 (1986); *Hutchins*, 188 F.3d at 543–44 (referring to "a chart prepared by the Metropolitan Police Department" and testimony before the Council).

It is also clear that, contrary to appellants' further suggestion (Motion to Strike 10–11), considering such material does not run afoul of the hearsay rule. An agency may properly consider some material that might be considered hearsay by a trial court, and that hearsay evidence may constitute a basis for this Court to affirm the agency's decision. *Honeywell Int'l, Inc. v. EPA*, 372 F.3d 441, 447 (D.C. Cir. 2004). Like an agency, a legislature is not bound by the Federal Rules of Evidence in its own deliberations. Fed. R. Evid. 1101(b). But the legislature's prerogative

to decide what material to consider is, if anything, greater. *See Turner Broad. Sys.*, 520 U.S. at 195–96; *Hutchins*, 188 F.3d at 542. Under the deferential type of review the Supreme Court and this Court have required, material in the legislative record supporting a legislative finding is thus not introduced directly for the truth of the matter asserted, as appellants believe (Motion to Strike 10–11, 14), but to show that the legislature had a substantial basis for the factual conclusions it reached. It thus is not hearsay in the first place. Fed. R. Evid. 801(c). And even if such material fell within the definition of hearsay, it would fall within the hearsay exception for official public records. Fed. Rule Evid. 803(8); *see Oriental Health Spa v. Ft. Wayne*, 864 F.2d 486, 490–91 (7th Cir. 1988); *Stasiukevich*, 168 F.2d at 479. Whatever the particular theory to be applied, again, the Supreme Court and this Court in reviewing the basis for legislative findings both regularly consider material that might be considered hearsay, without any apparent reservation. *E.g.*, *Turner Broad. Sys.*, 520 U.S. at 195–99; *Hutchins*, 188 F.3d at 542.

## CONCLUSION

For these reasons, the Court should deny appellants' motion to strike.

Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of Columbia

/s/ Todd S. Kim
TODD S. KIM
Solicitor General

DONNA M. MURASKY
Deputy Solicitor General

HOLLY M. JOHNSON
Assistant Attorney General
Office of the Solicitor General

Office of the Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C.  20001
(202) 724-6609

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2010, electronic copies of this

opposition were sent via Court's CM/ECF system and hard copies were mailed to:

Stephen P. Halbrook
3925 Chain Bridge Road
Suite 403
Fairfax, VA 22030
protell@aol.com

Matthew Shors
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4001
mshors@omm.com

William J. Olson
370 Maple Avenue West
Suite 4
Vienna, VA 22180-5615
wjo@mindspring.com

Paul R.Q. Wolfson
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
paul.wolfson@wilmerhale.com

/s/ Todd S. Kim
TODD S. KIM
Solicitor General