# GOVERNMENT OF THE DISTRICT OF COLUMBIA
### OFFICE OF THE ATTORNEY GENERAL
### OFFICE OF THE SOLICITOR GENERAL



January 5, 2011

Mark J. Langer, Clerk
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Ave., N.W.
Washington, D.C. 20001

Re: Response to submission under Federal Rule of Appellate Procedure 28(j) in *Heller v. District of Columbia*, No. 10-7036 (argued on Nov. 15, 2010, before Judges Ginsburg, Henderson, and Kavanaugh)

Dear Mr. Langer:

Contrary to what plaintiffs contend in their recent submission under Federal Rule of Appellate Procedure 28(j), the decision in *United States v. Chester*, No. 09-4084, 2010 WL 5396069 (4th Cir. Dec. 30, 2010), does not suggest that strict scrutiny applies to every restriction on the exercise of core Second Amendment rights by law-abiding, responsible citizens. Rather, the Fourth Circuit decided that strict scrutiny should not apply when a restriction does not affect such citizens. *Id.* at *8. Further, it rejected the same argument plaintiffs make here, that strict scrutiny should apply whenever a statute "severely burdens an enumerated, fundamental right," and it adopted intermediate scrutiny for the particular claim at issue. *Id.* It otherwise left open the question when, if ever, strict scrutiny applies. The Fourth Circuit thus joined the others that have rejected strict scrutiny for particular Second Amendment claims. Appellees' Brief 37–38; Appellees' Dec. 20, 2010 Submission under Federal Rule of Appellate Procedure 28(j).

Plaintiffs' letter also notes that *Chester* requires evidence to satisfy intermediate scrutiny. 2010 WL 5396069, at *9. That is true, but unhelpful to plaintiffs for two basic reasons. First, as previously explained, the District *did* offer the legislative record, and the district court properly could and did rely upon

---

it at summary judgment. Appellees' Brief 33; Appellees' Opposition to Appellants' Motion to Strike 7–11. (Even if that were not so, as in *Chester*, plaintiffs' argument would justify at most a remand. 2010 WL 5396069, at *9.) Second, plaintiffs did not rely on intermediate scrutiny. Instead, they chose to rely entirely on strict scrutiny with regard to registration and an even stricter *per se* rule with regard to assault weapons and large-capacity ammunition feeding devices. Appellants' Brief 19–52; *see* Appellees' Brief 17, 37, 53–54 (noting forfeitures).

                                           Respectfully submitted,

                                           Eugene A. Adams
                                           Interim Attorney General

                                           /s/ Todd Kim

                                           Todd Kim
                                           Solicitor General
                                           Office of the Attorney General
                                           One Judiciary Square
                                           441 4th Street, N.W.
                                           Suite 600 South
                                           Washington, D.C. 20001
                                           todd.kim@dc.gov

# CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2011, electronic copies of this letter were sent via the Court's CM/ECF system and hard copies were mailed to:

Stephen P. Halbrook
3925 Chain Bridge Road
Suite 403
Fairfax, VA 22030
protell@aol.com

Matthew Shors
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4001
mshors@omm.com

William J. Olson
370 Maple Avenue West
Suite 4
Vienna, VA 22180-5615
wjo@mindspring.com

Paul R.Q. Wolfson
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
paul.wolfson@wilmerhale.com

/s/ Todd S. Kim
TODD S. KIM
Solicitor General