ORAL ARGUMENT HELD ON NOVEMBER 15, 2010

BRIEF FOR THE UNITED STATES AS AMICUS CURIAE
BY INVITATION OF THE COURT

_____

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 10-7036

_____

DICK ANTHONY HELLER, et al.,                    Appellants,

    v.

DISTRICT OF COLUMBIA, et al.,                    Appellees.


_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____


RONALD C. MACHEN JR.
United States Attorney.

ELIZABETH TROSMAN,
CHRISELLEN R. KOLB,
PETER S. SMITH, DC BAR #465131,
Assistant United States Attorneys.

555 Fourth Street, NW, Room 8104
Washington, DC  20530
(202) 252-6829



Case No. 08-CV-1289 (RMU)

## CERTIFICATE AS TO PARTIES
## RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), amicus curiae, the United States of America, hereby states as follows:

A:  **Parties and amici**:  Except for amicus curiae, the United States of America, all parties, intervenors, and amici appearing before the district court and in this Court are listed in the Brief for Appellee.

B:  **Rulings Under Review**:  Appellants appeal the order issued by the Honorable Ricardo M. Urbina on March 26, 2010, denying plaintiffs' motion for summary judgment and granting defendants' cross-motion for summary judgment.  That order appears at page 149 of the joint appendix.  The accompanying memorandum opinion is at pages 150-79 of the joint appendix, and is reported at 698 F. Supp. 2d 179 (D.D.C. 2010).

C:  **Related Cases**:  This case has not previously been before this Court, and there are no related cases within the meaning of D.C. Cir. Rule 28(a)(1)(C).

**INDEX**

                                                                    **PAGE**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT.. . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.    In Light of the Home Rule Act, the Authority of the
        District of Columbia Council to Regulate Firearms
        Is Not Limited to the Authority Granted under the
        Act of June 30, 1906. . . . . . . . . . . . . . . . 6

    II.   This Court Must Defer to the District of Columbia
        Court of Appeals' Interpretations of Statutes
        Directed Toward the District of Columbia or
        Reflecting Matters of Local Concern . . . . . . . . 13

## TABLE OF CASES

_Bliley v. Kelly_, 23 F.3d 507 (D.C. Cir. 1994).. . . . . . . 14-16

_District of Columbia v. Heller_, 128 S. Ct. 2783 (2008). . . . . 3

_Firemen's Ins. Co. v. Washington_, 483 F.2d 1323
    (D.C. Cir. 1973).. . . . . . . . . . . . . . . . . . . . . 7

_Fisher v. United States_, 328 U.S. 463 (1946). . . . . . . . . 13

_Goldstein v. California_, 412 U.S. 546 (1973). . . . . . . . 10

_Griffin v. United States_, 336 U.S. 704 (1949). . . . . . . . 13

_Hall v. C&P Tel. Co._, 793 F.2d 1354 (1986),
    reh'g denied, 809 F.2d 924 (D.C. Cir. 1987). . . . . . . 14

_Hall v. Ford_, 856 F.2d 255 (D.C. Cir. 1988).. . . . . . . . 14

_Heller v. District of Columbia_, 698 F. Supp. 2d 179
    (D.D.C. 2010). . . . . . . . . . . . . . . . . . . . . . . 5

\* _In re Crawley_, 978 A.2d 608 (D.C. 2009).. . . . . . . . . . 8-9

\* _Maryland & Dist. of Columbia Rifle & Pistol Ass'n v. Washington_,
    442 F.2d 123 (D.C. Cir. 1971). . . . . . . . . . 7-8, 10-11

\* _McIntosh v. Washington_, 395 A.2d 744 (D.C. 1978). . . . . 9-12

_Noble v. United States Parole Comm'n_, 82 F.3d 1108
    (D.C. Cir. 1996).. . . . . . . . . . . . . . . . . . . 16-17

\* _Pernell v. Southall Realty_, 416 U.S. 363 (1974).. . . . . 13-15

_Reynolds v. District of Columbia_, 614 A.2d 1285
    (D.C. 1992). . . . . . . . . . . . . . . . . . . . . . . 12

_Whalen v. United States_, 445 U.S. 684 (1980). . . . . 13-14, 17

_____

\* Cases chiefly relied upon are marked by an asterisk.

## OTHER REFERENCES

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . 5

D.C. Code § 1-201.02. . . . . . . . . . . . . . . . . . 8

D.C. Code § 1-204.04. . . . . . . . . . . . . . . . . . 10

D.C. Code § 1-204.04(a). . . . . . . . . . . . . . . . . 8

D.C. Code § 1-206.01. . . . . . . . . . . . . . . . . . 6

D.C. Code § 1-206.02. . . . . . . . . . . . . . . . . . 6

D.C. Code § 1-206.03. . . . . . . . . . . . . . . . . . 6

D.C. Code § 1-206.04. . . . . . . . . . . . . . . . . . 6

D.C. Code § 1-303.03. . . . . . . . . . . . . . . . . . 7

D.C. Code § 1-303.43. . . . . . . . . . . . . . . 6-7, 9-12

D.C. Code § 7-2501.01(3A). . . . . . . . . . . . . . . . 4

D.C. Code § 7-2501.01(12). . . . . . . . . . . . . . . . 3

D.C. Code § 7-2502.01. . . . . . . . . . . . . . . . . . 4

D.C. Code § 7-2502.01(a). . . . . . . . . . . . . . . . 3

D.C. Code § 7-2502.02(a)(4). . . . . . . . . . . . . . . 3

D.C. Code § 7-2502.03(a)(10). . . . . . . . . . . . . . 4

D.C. Code § 7-2502.03(a)(11). . . . . . . . . . . . . . 4

D.C. Code § 7-2502.03(a)(13)(A). . . . . . . . . . . . . 4

D.C. Code § 7-2502.03(b). . . . . . . . . . . . . . . . 4

D.C. Code § 7-2502.03(e). . . . . . . . . . . . . . . . 4

D.C. Code § 7-2502.04. . . . . . . . . . . . . . . . . . 4

D.C. Code § 7-2502.07a(d). . . . . . . . . . . . . . . . 4

v

D.C. Code § 7-2502.08(1). . . . . . . . . . . . . . . . . . 4

D.C. Code § 7-2502.10.. . . . . . . . . . . . . . . . . . 4

D.C. Code § 7-2506.01(b). . . . . . . . . . . . . . . . . 5

Reorganization Plan No. 3 of 1967,
    81 Stat. 948 (1967). . . . . . . . . . . . . . . . 9-10

Pub. L. 91-358, 84 Stat. 473 (1970).. . . . . . . . . . . 14

Pub. L. No. 93-198, 87 Stat. 774 (1973) . . . . . . . . 1, 7

23 D.C. Reg. 2464 (1976). . . . . . . . . . . . . . . . 11

56 D.C. Reg. 1380 (Feb. 13, 2009).. . . . . . . . . . . . 3

56 D.C. Reg. 3438 (May 1, 2009).. . . . . . . . . . . . . 3

## ISSUES PRESENTED

The United States addresses the following issues:

I.   Whether, in light of the Home Rule Act, the authority of the District of Columbia Council to regulate firearms is limited to the authority granted under the federal Act of June 30, 1906 (codified at D.C. Code § 1-303.43)?

II.   Whether this Court must defer to District of Columbia Court of Appeals decisions interpreting the interrelationship between the federal Act of June 30, 1906, authorizing the District of Columbia government to promulgate police regulations concerning firearms and related items, and the Home Rule Act, conferring general legislative authority upon the District of Columbia Council?

BRIEF FOR THE UNITED STATES AS AMICUS CURIAE
BY INVITATION OF THE COURT
_____

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 10-7036
_____

DICK ANTHONY HELLER, et al.,                    Appellants,

     v.

DISTRICT OF COLUMBIA, et al.,                   Appellees.


_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____


INTRODUCTION

Following briefing and oral argument by the parties (before Ginsburg, Henderson, and Kavanaugh, JJ.), the Court issued an order on November 16, 2010, requiring the parties to file supplemental briefs addressing the following questions:

1.  After the Home Rule Act, Pub. L. No. 93-198, 87 Stat. 774 (1973) (codified at D.C. Code §§ 1-201.01 to 1-207.71 (2001)), do gun laws passed by the District of Columbia Council have to be "usual and reasonable" within the meaning of the federal Act of June 30, 1906, Pub. L. No. 59-401, which is currently codified at D.C. Code § 1-303.43?

2.  What does the term "usual" mean in this statute?

3.    Are the challenged D.C. laws "usual" within the meaning of this statute?

4.    Does the D.C. Court of Appeals' interpretation of the congressionally enacted Act of June 30, 1906, or of similarly worded federal statutes, receive deference from federal courts?  If so, in what circumstances?

The Court invited the United States to file a brief addressing any or all of those same questions.  The United States hereby responds to the Court's invitation with respect to the first and fourth questions.

Because the answer to the Court's first question is clearly "no," the Court need not resolve the issues raised in its second and third questions, and the United States expresses no position on the answers to those questions.  With respect to the fourth question, this Court must defer to the District of Columbia Court of Appeals' conclusion that, independent of the authority granted in the federal Act of June 30, 1906 ("the 1906 Act"), the Home Rule Act authorizes the D.C. Council to regulate firearms. Deference is warranted because the question of the interplay between the 1906 Act and the Home Rule Act implicates provisions directed toward the District of Columbia and addressing matters of purely local concern.

## BACKGROUND

In <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783 (2008), appellant Dick A. Heller raised a constitutional challenge to the District of Columbia's denial of his application to register a handgun. Under the District's then-existing regulatory scheme, <u>see</u> D.C. Code §§ 7-2501.01(12), -2502.01(a), and -2502.02(a)(4) (2001), it was impossible to register a handgun and unlawful to possess an unregistered firearm. <u>Heller</u>, 128 S. Ct. at 2788. The Supreme Court held that the Second Amendment does not permit "the absolute prohibition of handguns held and used for self-defense in the home." <u>Id.</u> at 2822. The District's ban on handguns was deemed unconstitutional to the extent that it prohibited "an entire class of 'arms' that is overwhelmingly chosen by American society for [the] lawful purpose [of self-defense]," and extended that prohibition to the home, "where the need for defense of self, family, and property is most acute." <u>Id.</u> at 2817. The Court specifically declined to address the constitutionality of the District's then-existing licensing scheme; Heller "conceded at oral argument that he does not 'have a problem with . . . licensing,'" and the Court presumed that its holding would enable Heller to secure a license to carry a firearm in his home. <u>Id.</u> at 2819, 2822.

**4**

In response to the <u>Heller</u> decision, the District enacted the
Firearms Registration Amendment Act of 2008 ("the 2008 Act"). <u>See</u>
56 D.C. Reg. 1380 (Feb. 13, 2009); 56 D.C. Reg. 3438 (May 1, 2009).
The 2008 Act permits District residents to register firearms for
purposes of self-defense in the home (D.C. Code §§ 7-2502.01,
-2502.10), through a process requiring residents to, <u>inter</u> <u>alia</u>:
provide fingerprints, photographs, and undergo a background check
(D.C. Code § 7-2502.04); specify his/her business or occupation
over the past five years, the intended use of the firearm, and the
manner in which the firearm will be stored (D.C. Code §
7-2502.03(b)); complete five hours of classroom and firing-range
training, and pass any aptitude test the District's Metropolitan
Police Department (MPD) may prescribe (D.C. Code §§
7-2502.03(a)(10), (a)(13)(A)); meet the same vision requirements
one would have to meet in order to drive a car (D.C. Code §
7-2502.03(a)(11)); submit to a background check every six years
(D.C. Code § 7-2502.07a(d)); and notify MPD if and when a firearm
is sold, transferred, lost, stolen, or destroyed (D.C. Code §
7-2502.08(1)).

The 2008 Act prohibits any resident (other than one moving to
the District for the first time) from registering more than one
handgun during any 30-day period, <u>see</u> D.C. Code § 7-2502.03(e), and
from registering any "assault weapon" (a firearm with certain

military-style features), see D.C. Code §§ 7-2501.01(3A), -2502.01, and also prohibits the possession of any "large capacity ammunition feeding device," i.e., devices with "a capacity of, or that can be readily restored or converted to accept, more than 10 rounds of ammunition," D.C. Code § 7-2506.01(b).

Following enactment of the 2008 Act, appellants sued the District under 42 U.S.C. § 1983, claiming, inter alia, that the 2008 Act's prohibitions on assault weapons and large-capacity ammunition feeders are unconstitutional because those types of devices "are commonly used for [the] lawful purposes" of "target shooting, hunting[,] and personal protection." Heller v. District of Columbia, 698 F. Supp. 2d 179, 184-85, 189-93 (D.D.C. 2010) (Heller II). The district court rejected appellants' claims as a matter of law, and granted summary judgment to the District. Heller II, 698 F. Supp. 2d at 185-88. Appellants noted an appeal.

## SUMMARY OF ARGUMENT

The answer to the Court's first question is "no." The Home Rule Act constitutes a grant of authority from Congress to the D.C. Council that is broader than the 1906 Act, and independently authorizes the District's 2008 amended firearms laws. Accordingly, after the Home Rule Act, the D.C. Council's authority to regulate firearms is not limited to the authority granted to the D.C. Council under the 1906 Act.

The answer to the Court's fourth question is "yes." This Court must defer to the District of Columbia Court of Appeals' interpretation of federally enacted statutes directed toward the District of Columbia and reflecting matters of purely local concern, such as the 1906 Act, and must also defer to that court's interpretation of the interplay between the 1906 Act and the Home Rule Act.

ARGUMENT

I.    In Light of the Home Rule Act, the Authority of the
District of Columbia Council to Regulate Firearms
Is Not Limited to the Authority Granted under the
Act of June 30, 1906.

The 1906 Act[1] grants the District of Columbia Council the authority to promulgate regulations governing firearms, explosives, and weapons. Specifically, it provides:

> The Council of the District of Columbia is hereby authorized and empowered to make, and the Mayor of the District of Columbia is hereby authorized and empowered to enforce, all such usual and reasonable police regulations, in addition to those already made under §§ 1-303.01 to 1-303.03 as the Council may deem necessary for the regulation of firearms, projectiles, explosives, or weapons of any kind in the District of Columbia.

D.C. Code § 1-303.43.

This Court has held that the 1906 Act confers broad authority upon the D.C. Council to enact firearms regulations, consistent

---

[1]    Act of June 30, 1906, Pub. L. No. 59-401 (codified at D.C. Code § 1-303.43).

with the requirements of the Second Amendment.  See Maryland &
Dist. of Columbia Rifle & Pistol Ass'n v. Washington, 442 F.2d 123,
129-32 (D.C. Cir. 1971) (rejecting claim that "comprehensive scheme
of control over firearms" was not authorized under 1906 Act, which
empowered the D.C. Council to "make and enforce all such usual and
reasonable police regulations . . . necessary for the regulation of
firearms, projectiles, explosives, or weapons of any kind in the
District of Columbia").  See also Firemen's Ins. Co. v. Washington,
483 F.2d 1323 (D.C. Cir. 1973) (construing 1906 Act as a "broad
delegation of police power from Congress").

Even before the Home Rule Act,[2/] the firearms regulations
authorized by the 1906 Act and codified in D.C. Code § 1-303.43
were not clearly exclusive.  The D.C. Council had other,
overlapping grants of authority, such as the authority to make
police regulations "necessary for the protection of lives, limbs,
health, comfort and quiet," as codified in D.C. Code § 1-303.03.
In Pistol Ass'n, 442 F.2d at 126, this Court assumed that these
powers were cumulative; however, the Court sustained the firearms
regulations at issue in that case as valid under D.C. Code § 1-
303.43 without needing to consider whether the D.C. Council's power

_____

[2/]    Pub. L. No. 93-198, 87 Stat. 774 (1973) (codified at D.C.
Code §§ 1-201.01 to 1-207.71 (2001)).

to protect "lives, limbs, health, comfort and quiet" would have independently authorized the challenged firearms provisions. __Id.__

In any event, when Congress passed the Home Rule Act in 1973, it gave the D.C. Council an even broader grant of authority, including but not limited to the authority to regulate firearms and to amend firearms laws. "[T]he core and primary purpose" of the Home Rule Act "was to relieve Congress of the burden of legislating upon essentially local matters 'to the greatest extent possible, consistent with constitutional mandates.'" __In re Crawley__, 978 A.2d 608, 610 (D.C. 2009) (quoting, __inter alia__, D.C. Code § 1-201.02).[3/]

Appellants argue that the D.C. Council's authority under the Home Rule Act is limited by the terms of the 1906 Act (see Supp. Br. for Appellants at 4). On the contrary, because the Home Rule Act empowers the D.C. Council to enact (and revise) laws governing matters of local concern, such as the regulation of firearms, it has expanded the authority that was conferred upon the District government by the 1906 Act; thus, firearms restrictions enacted by

---

[3/]    Congress specifically delegated authority to the D.C. Council, providing that "the legislative power granted to the District by this Act is vested in and shall be exercised by the [D.C.] Council." D.C. Code § 1-204.04(a). D.C. Code § 1-204.04(a), provides, __inter alia__, that, "[s]ubject to the limitations specified in §§ 1-206.01 to 1-206.04, the legislative power granted to the District by this chapter is vested in and shall be exercised by the Council in accordance with this chapter." The limitations in §§ 1-206.01 to 1-206.04 are not relevant to the firearms provisions at issue in this case.

the D.C. Council may extend beyond the 1906 Act's limited grant of authority to promulgate "usual and reasonable" police regulations. See McIntosh v. Washington, 395 A.2d 744, 751-54 (D.C. 1978) (holding that Home Rule Act expands D.C. Council's authority, allows D.C. Council to "amend pre-Home Rule regulations," and authorized D.C. Council to enact expansive Firearms Control Regulations Act of 1975). The Home Rule Act, not the 1906 Act, now marks the outer limit of the D.C. Council's legislative power.

Appellants claim that the D.C. Council's current authority is limited by § 1-303.43 because the Home Rule Act did not repeal the 1906 Act (§ 1-303.43), either expressly or impliedly (see Supp. Br. for Appellants at 5). However, the fact that § 1-303.43 remains as a viable source of legislative authority for the D.C. Council does not establish that § 1-303.43 limits the general legislative authority separately granted to the D.C. Council in the Home Rule Act.[4/] Indeed, as previously explained, the two statutes can

---

[4/] Because the Home Rule Act did not impliedly repeal or amend § 1-303.43, but reflects a separate grant of authority from Congress to the D.C. Council, appellants are mistaken in their reliance on Section 717(b) of the Reorganization Plan No. 3 of 1967, 81 Stat. 948, which first established the Council (Supp. Br. for Appellants at 5). See In re Crawley, 978 A.2d at 610 (Home Rule Act authorizes local governance "to the greatest extent possible, consistent with constitutional mandates") (citations omitted); McIntosh, 395 A.2d at 751, 753 (holding that "the validity of the Firearms Act [of 1975] can be sustained under the newly conferred power set forth in . . . the Home Rule Act," and (continued...)

coexist.  See McIntosh, 395 A.2d at 751 n.13 (noting that Home Rule Act, D.C. Code § 1-204.04, expressly "distinguishes between transferred legislative power and newly conferred legislative power"), 753 (citing, inter alia, Goldstein v. California, 412 U.S. 546 (1973), for the proposition that "a parallel enactment in a given area cannot be stricken simply because it expands the scope of restrictions [previously] imposed by the parent legislative body").[5/]

---

[4/] (...continued)
rejecting argument that "the [Firearms Control Regulations Act of 1975] is an impermissible exercise of local legislative power simply because it deals with matters not previously prohibited by" District of Columbia criminal law).  Furthermore, contrary to appellants' assertion, the Home Rule Act gave the D.C. Council the power to amend laws carried forward by the Reorganization Plan. See Section 717(b) (permitting the D.C. Council to amend laws "as authorized in this Act, or by Act of Congress").

[5/]    Appellants argue that McIntosh, 395 A.2d at 750 n.11, and Pistol Ass'n, 442 F.2d at 125, upheld challenged firearms laws solely on the basis that those laws were authorized under § 1-303.43 (Supp. Br. for Appellants at 1, 6-7).  Appellants are incorrect.  See McIntosh, 395 A.2d at 750 (addressing whether the challenged statute "is a valid measure under the Home Rule Act"), 753 (holding that "the validity of the Firearms Act [of 1975] can be sustained under the newly conferred power set forth in . . . the Home Rule Act").  In addition, in Pistol Ass'n, 442 F.2d at 126, this Court reserved ruling on whether the D.C. Council possessed legislative authority to enact firearms laws beyond that granted in the predecessor to § 1-303.43, finding that because the challenged statute was authorized under the predecessor to § 1-303.43, it had "[n]o occasion to consider the reach" of any alternative grant of legislative authority.

Appellants rely on Pistol Ass'n, 442 F.2d at 126, in arguing
(continued...)

Appellants next argue that the 2008 Act is subject to the limitation of authority under § 1-303.43 because the 2008 Act was styled as an amendment to the Firearms Control Regulations Act of 1975 ("1975 Act"),[6/] which appellants contend was enacted solely pursuant to the D.C. Council's authority under § 1-227 (current § 1-303.43). See Supp. Br. for Appellants at 6 (citing <u>McIntosh</u>, 395 A.2d at 750 n.11). Appellants are incorrect. First, because the 2008 Act is a statute, not a police regulation authorized solely by D.C. Code § 1-303.43, the 2008 Act is not subject to § 1-303.43's limited grant of authority to issue police regulations concerning firearms. Second, for the reasons set forth <u>supra</u>, the fact that the 2008 Act is styled as amending the 1975 Act does not render inapplicable the D.C. Council's general legislative authority under the Home Rule Act, including the authority to amend existing statutory provisions. <u>See McIntosh</u>, 395 A.2d at 751-54.[7/] In any

---

[5/] (...continued)
that this Court "rejected" any suggestion that § 1-303.43 was "repealed by implication" (Supp. Br. for Appellants at 7). However, in <u>Pistol Ass'n</u>, the Court held that a 1932 federal firearms statute had not preempted the field in the District of Columbia. <u>Pistol Ass'n</u>, 442 F.2d at 131.

[6/]   D.C. Law 1-85, 23 D.C. Reg. 2464 (1976).

[7/]   Appellants' argument rests on the mere fact that the 2008 Act states in its text that it is amending the 1975 Act (see Br. for Appellants at 53) (quoting 2008 Act, § 2, "The Firearms Control regulations Act of 1975 . . . is amended as follows"). Appellants
(continued...)

event, appellants are mistaken that § 1-303.43 was "the [only] section on which the Council relied for its authority to enact the" 1975 Act (see Supp. Br. for Appellants at 6) (citing McIntosh, 395 A.2d at 750 n.11 (citing District of Columbia Report, Bill No. 1-164, Apr. 21, 1976, at 6-7)). The referenced District of Columbia Report expressly states that, "[t]he authority for the Council . . . to amend the aforementioned D.C. Police regulations stems from . . . [the] Home Rule Act," and includes "but is not limited to police regulatory powers provided for in . . . D.C. Code § 1-227 [current § 1-303.43]."[8/]

Finally, appellants cite various cases decided after the enactment of the Home Rule Act in which courts have upheld laws as falling within the scope of usual-and-reasonable legislative authority (see Supp. Br. for Appellants at 7-8) (citing cases). However, none of those cases specifically addresses the interplay between the Home Rule Act and § 1-303.43. In addition, the only cited case in which the District government lost, Reynolds v. District of Columbia, 614 A.2d 1285 (D.C. 1992), is readily

---

[7/] (...continued)
do not point to any provision or text in the 2008 Act indicating that the D.C. Council purported to limit its authority to amend the 1975 Act.

[8/]    Accordingly, any suggestion in McIntosh that the D.C. Council relied only on § 1-227 (current § 1-303.43) when enacting the 1975 act is incorrect.  See 395 A.2d at 750 n.11.

distinguishable from this case. Reynolds dealt with a regulation, not a statutory enactment of the D.C. Council, and says nothing about whether § 1-303.43 limits the D.C. Council's legislative authority.

Accordingly, after the Home Rule Act, the D.C. Council's authority to regulate firearms is not limited to the authority granted under the 1906 Act.

II. **This Court Must Defer to the District of Columbia Court of Appeals' Interpretations of Statutes Directed Toward the District of Columbia or Reflecting Matters of Local Concern.**

Federal courts must defer to the District of Columbia Court of Appeals' interpretation of the 1906 Act, and of the interplay between the 1906 Act and the Home Rule Act's general grant of legislative authority, because the relevant statutory provisions are directed toward the District of Columbia and reflect matters of local concern. This result is required by the Supreme Court's decision in Whalen v. United States, 445 U.S. 684, 687 (1980). In that case, the Court observed that,

it has been the practice of the Court to defer to the decisions of the courts of the District of Columbia on matters of exclusively local concern. See Pernell v. Southall Realty, 416 U.S. 363, 366 (1974); see also Griffin v. United States, 336 U.S. 704, 717-718 (1949); Fisher v. United States, 328 U.S. 463, 476 (1946). This practice has stemmed from the fact that Congress, in creating the courts of the District of Columbia and prescribing their jurisdiction, "contemplate[d] that the decisions of the District of Columbia Court of Appeals on

> matters of local law -- both common law and statutory law
> -- will be treated by this Court in a manner similar to
> the way in which we treat decisions of the highest court
> of a State on questions of state law." <u>Pernell v.</u>
> <u>Southall Realty</u>, 416 U.S. at 368 (footnote omitted).

<u>Whalen</u>, 445 U.S. at 687.

The Supreme Court defers to decisions of the District of
Columbia Court of Appeals interpreting statutes, like the 1906 Act
or the Home Rule Act, which were enacted by Congress, to the extent
that the statutes are "directed toward the local jurisdiction."
<u>Pernell</u>, 416 U.S. at 367 ("in view of the restructuring of the
District's court system accomplished by the Court Reform Act in
1970, we believe the same deference is owed the courts of the
District with respect to their interpretation of Acts of Congress
directed toward the local jurisdiction").[9/]

Similarly, this Court's precedent requires it to defer to the
District of Columbia Court of Appeals when addressing "matters of
purely local law," whether the provisions at issue were enacted by
the D.C. Council or by Congress. <u>Bliley v. Kelly</u>, 23 F.3d 507, 511
(D.C. Cir. 1994) (citing <u>Hall v. Ford</u>, 856 F.2d 255, 267 (D.C. Cir.
1988)). <u>See</u> <u>also</u> <u>Hall v. C&P Tel. Co.</u>, 793 F.2d 1354, 1357 (1986),
reh'g denied, 809 F.2d 924 (D.C. Cir. 1987) (deferring to District

---

[9/]    The Court was referring to the District of Columbia Court
Reform and Criminal Procedure Act of 1970 ("Reform Act"), 84 Stat.
473, Pub. L. 91-358.

of Columbia Court of Appeals' interpretation of congressionally
enacted statute).

Although appellants recognize these principles, they argue
that the 1906 Act does not reflect a matter of "purely local law,"
and that this Court need not defer to the District of Columbia
Court of Appeals' interpretation of congressionally enacted
statutes (Supp. Br. for Appellants at 20) (quoting Bliley v. Kelly,
23 F.3d at 511). On the contrary, this Court grants deference to
decisions of the District of Columbia Court of Appeals that address
federal statutes of purely local concern. Pernell, 416 U.S. at
367. See also Hall, 793 F.2d at 1357 (recognizing "local"
character of statute and deferring to District of Columbia Court of
Appeals' interpretation of that statute). Indeed, the D.C.
Council's ability to regulate firearms, like the District's
substantive criminal law, goes to the very core of the D.C.
Council's police powers, and thus is entitled to deference. Cf.
Pernell, 416 U.S. at 367 (recognizing that D.C. substantive
criminal law is matter of "local jurisdiction," and deferring to
conclusion of District of Columbia Court of Appeals).

Moreover, appellants' reliance on Bliley (at 20) is misplaced.
In Bliley, this Court declined to defer to the District of Columbia
Court of Appeals' interpretation of any "exclusively federal
aspect" of the Home Rule Act, and noted that "[t]he Home Rule Act

is a 'hybrid statute' that contains elements of both federal and local law."  23 F.3d at 511.  Finding that "Congress's reserved right to review District legislation before it becomes law" under the Home Rule Act was an exclusively federal aspect of the Home Rule Act, this Court did not defer to the District of Columbia Court of Appeals on that federal question.  Id.  Here, on the other hand, the scope of the general legislative authority granted to the D.C. Council under the Home Rule Act, pursuant to which it enacted the 2008 Act, is a matter of purely local concern in the District of Columbia.  There is no exclusively federal issue presented here, such as the exercise of Congress's prerogative to review the D.C. Council's legislation before it becomes law.

In addition, this Court has understood Bliley's holding narrowly and has not embraced appellants' broad claim that the District of Columbia Court of Appeals' interpretation of federal statutes never receives deference.  See Noble v. United States Parole Comm'n, 82 F.3d 1108, 1113 (D.C. Cir. 1996).  Noble involved the interplay of two D.C. statutes -- one pre-Home Rule and one post-home rule -- that were not themselves part of the Home Rule Act.  One party argued that interpreting the two statutes presented "especially 'federal'" questions, on the theory that holding that one provision had impliedly repealed the other "would violate the spirit of the Home Rule Act."  Noble, 82 F.3d at 1113.  This Court

rejected that argument and found that there would be "no practical limit" to such a rule. <u>Id.</u>

Accordingly, the D.C. Court of Appeals' interpretations of statutes regulating firearms in the District of Columbia, such as the 1906 Act, and analysis of the interplay of the 1906 Act and the general grant of legislative authority under the Home Rule Act, are matters of local law entitled to deference from federal courts. See <u>Whalen</u>, 445 U.S. at 687.

WHEREFORE, the United States of America respectfully submits this brief for the Court's consideration.

Respectfully submitted,

RONALD C. MACHEN JR.
<u>United States Attorney</u>.

ELIZABETH TROSMAN,
CHRISELLEN R. KOLB,
<u>Assistant United States Attorneys</u>.

                        /S/
PETER S. SMITH, DC BAR #465131
Assistant United States Attorney
555 4th Street, NW, Room 8104
Washington, DC  20530
(202) 252-6829

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this brief conforms to the page limitation set forth in the Court's order of November 16, 2010, and that it is filed in Courier, a monospace font.

_____/S/_____
PETER S. SMITH
Assistant United States Attorney


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of January, 2011, the foregoing Brief for the United States was served by the Court's Electronic Case Filing (ECF) system upon all counsel of record.

_____/S/_____
PETER S. SMITH
Assistant United States Attorney