ORAL ARGUMENT HELD NOVEMBER 15, 2010

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| DICK ANTHONY HELLER, *et al.* | ) | |
| | ) | |
| Appellants | ) | |
| | ) | |
| v. | ) | No. 10-7036 |
| | ) | |
| THE DISTRICT OF COLUMBIA, *et al.* | ) | |
| | ) | |
| Appellees | ) | |

**APPELLANTS' OPPOSITION TO MOTION OF BRADY CENTER
TO PREVENT GUN VIOLENCE ET AL. FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF *AMICUS CURIAE* AND, IN THE ALTERNATIVE,
APPELLANTS' MOTION FOR LEAVE TO FILE SEPARATE REPLY BRIEF**

For the reasons stated below, Appellants Dick Heller *et al.* ("Appellants"), by counsel, hereby oppose the Motion by the Brady Center to Prevent Gun Violence and several other groups (collectively, "Brady Center") for Leave to File a Supplemental Brief *Amicus Curiae* ("Motion for Leave"), which was filed four business days before the supplemental briefing by the parties is scheduled to be concluded. In the alternative, should the Court permit the proposed *amicus* brief to be filed, in whole or in part, Appellants request that they be given a fair and timely opportunity to respond to the *amicus* brief, by granting leave to Appellants to file, no later than January 28, 2011, a ten page response to the *amicus* brief.

## PROCEDURAL FACTS

When full briefing on the merits was ongoing, the Brady Center sought leave to file and did file an *amicus* brief in support of the District of Columbia *et al.* ("Appellees" or "the District")  Appellants did not oppose their filing of that brief.  Full briefing on the merits was concluded by the parties as of October 18, 2010.

Oral argument was held on November 15, 2010.  By order dated November 16, 2010 ("Supplemental Briefing Order"), this Court ordered the parties to file supplemental briefs regarding four specific questions.  The supplemental schedule provided for briefs to be filed between December 1 and December 13, and invited the United States to file an *amicus* brief.  It did not extend an invitation to the other *amici* in this case to file further briefs.

On request of the United States, which was consented to by Appellants, this Court by order dated November 24, 2011, rescheduled the briefing, allowing Appellants to file their supplemental brief by December 22, 2010, the United States to file its *amicus* brief by January 7, 2011, the District to file its supplemental brief by January 12, 2011, and Appellants to file their reply brief by January 21, 2011.  The United States filed a 17-page brief and the District filed a 20-page brief pursuant to that schedule.

However, at 7:48 p.m. on Friday, January 14,  immediately before a three day holiday weekend, and with only four business days remaining before Appellants' Supplemental Reply Brief is due on January 21, the Brady Center filed its Motion for Leave to file yet another *amicus* brief, consisting of ten pages, in support of the District.

# ARGUMENT

I. **THE BRADY CENTER BRIEF IS UNTIMELY AND WAS NOT INVITED BY THE COURT.**

The Brady Center has participated in this appeal since very near its commencement, and had the full opportunity to make its views known by filing its *amicus* brief during the main briefing on the merits. It has been aware of the briefing schedules, and was apparently aware of the supplemental briefing orders entered by the Court.

Despite this awareness, it waited until four business days before Appellants' Supplemental Reply Brief is due to file its Motion for Leave and proposed *amicus* brief. Its entire brief addresses the issue of so-called "assault weapons," which is just one part of the many issues in this appeal. The Table of Authorities cites no fewer than 46 cases, statutes, and other authorities which, in the Brady Center's view, it is reasonable to expect Appellants to obtain, analyze, and respond to in four business days, while at the same time preparing their Supplemental Reply Brief on the other complex issues in this appeal.

After noting that Appellants' Supplemental Reply Brief is due on January 21, 2011, the Brady Center's Motion for Leave contends that "Accordingly, Plaintiffs will have sufficient time to respond to the points made in *amici's* supplemental brief." Motion for Leave at 3. Appellants contend, to the contrary, that there is neither sufficient time nor space in Appellants' 10 page Supplemental Reply Brief to respond to an additional 10 pages of argument by the Brady Center, when Appellants already must reply in 10 pages to the 37 pages of argument previously submitted by the District and the United States.

The Brady Center amicus brief lists five attorneys from a large law firm as well as two additional attorneys from the Brady Center itself as counsel. Obviously, substantial legal resources have been devoted to this case. Two months have elapsed since the Court's Supplemental Briefing Order, and the Motion for Leave could have been submitted well before this time. Instead, the Brady Center waited until just before the supplemental briefing is to be concluded, an unexplained delay that should not be countenanced by the Court.

When it issued its Supplemental Briefing Order to the parties to file briefs on four specific issues, the Court invited the United States to submit an *amicus* brief addressing "any or all of these questions." Supplemental Briefing Order at 2. Although it was aware that *amici* had filed briefs on the merits, the Court did not open up the case for briefing by other *amici* generally, but limited its order to "the parties" and the United States. The Brady Center was not invited to brief these issues, and its late submission at the eleventh hour, designed to provide a lopsided briefing advantage on one side, should not be permitted. The Brady Center's Motion for Leave should be denied.

II.  THE BRADY CENTER BRIEF ADDRESSES SUBJECTS NOT CONTEMPLATED BY THE COURT'S SUPPLEMENTAL BRIEFING ORDER.

The Court's Supplemental Briefing Order listed four numbered questions for the parties to address. In the first question, the Court asked whether, after passage of the Home

Rule Act[1], gun laws passed by the D.C. Council have to be "usual and reasonable" within the meaning of the federal Act of June 30, 1906.[2] In the second and third questions, the Court inquired "What does the term 'usual' mean in this statute," and "Are the challenged D.C. laws 'usual' within the meaning of this statute?"

The Court did *not* ask the parties (or anyone else) to brief the question of whether the challenged D.C. laws are "reasonable." Yet approximately half of the Brady Center's proposed *amicus* brief is devoted to arguing that the challenged D.C. ban on many semi-autos and magazines with a capacity of more than ten rounds is "reasonable." *See* Brady Center *amicus* brief at 6-10, under the heading "B. The Assault-Weapons Ban Is 'Reasonable'." Much of this section of the brief consists of quoting journalists, editorials, and other materials on the alleged greater dangers of these guns. This information is not in the record, is inadmissible hearsay, and Appellants have not had an opportunity to challenge it. It may suit the Brady Center's political ends to argue this, but supplemental briefing on specific issues requested of the parties by this Court is not the place to do it. Appellants should not have to waste valuable time and pages in their final brief in replying to it.

As the Seventh Circuit has noted:

> Amicus curiae briefs are often attempts to inject interest-group

---

1  Pub. L. No. 93-198, 87 Stat. 774 (1973) (codified at D.C. Code §§ 1-201.01–1.207.71 (2001).

2  Pub. L. No. 59-401 (currently codified at D.C. Code § 1-303.43.

> politics into the federal appellate process by flaunting the interest of a trade association or other interest group in the outcome of the appeal. The policy of this court is, therefore, not to grant rote permission to file an amicus curiae brief....

*National Organization for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000).

The Brady Center is also not qualified to file an *amicus* on the limited issues on which the court has requested supplemental briefing. As the Brady Center notes, it "has filed numerous briefs *amicus curiae* in cases involving the constitutionality of firearms regulations." Motion for Leave at 2. The issue on which the court has requested supplemental briefing does not involve the constitutional issue (on which the Brady Center has already had an opportunity to express its views).

Accordingly, leave to file the Brady Center Supplemental Brief should be denied. If leave is granted, Appellants request that the argument contained in the Brady Center *amicus* brief under the heading "B. The Assault-Weapons Ban Is 'Reasonable'," at 6-10, be stricken, and that Appellants not be required to respond to it.

III. IN THE ALTERNATIVE, APPELLANTS SHOULD BE GRANTED LEAVE TO FILE A SEPARATE REPLY BRIEF TO THE BRADY CENTER BRIEF.

As noted above, due to the participation of the United States as *amicus* in support of the District, and the last minute filing of an additional 10 pages of argument by the Brady Center, Appellants are faced with the task of responding to 47 pages of briefing in single 10 page reply. Much of the argument in the District's and the United States' briefs consists of complex matters of statutory history and interpretation. The Brady Center's

brief, devoted entirely to issues affecting so-called "assault weapons" and magazines of more than 10 rounds, cannot feasibly be addressed in just a page or two of Appellants' Supplemental Reply Brief. As previously noted, researching and responding to the 46 authorities cited in that surprise, last minute filing should not be required on four business days' notice.

Should the Court grant the Brady Center leave to file its brief, Appellants request that: 1) Appellants be permitted to file a separate Reply to the Brady Center *amicus* brief; 2) the separate Reply be limited to 10 pages and address only matters raised in the Brady Center brief; and 3) the separate Reply be filed electronically no later than January 28, 2011.

## CONCLUSION

For the reasons stated above, the Brady Center's Motion for Leave to File Supplemental Brief *Amicus Curiae* should be denied. If leave to file the *amicus* brief is granted, the argument under Section B, on pages 6-10 should be stricken. In addition, if leave to file is granted, Appellants should be permitted to file a separate 10 page Reply to the *amicus* brief no later than January 28, 2011.

Respectfully submitted,

Dick Anthony Heller
Absalom F. Jordan, Jr.
William Carter
Mark Snyder

By counsel

/s/Stephen P. Halbrook
Stephen P. Halbrook
D.C. Bar No. 379799
protell@aol.com

/s/Richard E. Gardiner
Richard E. Gardiner
D.C. Bar No. 386915
regardiner@cox.net

Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
(703) 352-7276
(703) 359-0938 (fax)

**CERTIFICATE OF SERVICE**

I certify that on January 18, 2011, electronic copies of Appellants' Opposition to Motion of Brady Center to Prevent Gun Violence et al. for Leave to File Supplemental Brief Amicus Curiae and, in the Alternative, Appellants' Motion for Leave to File Separate Reply Brief were served through the Court's CM/ECF system and paper copies were mailed by first-class mail, postage prepaid, to:

Todd S. Kim
Solicitor General
Office of the Attorney General
441 4th Street, NW, Suite 600S
Washington, D.C. 20001

William J. Olson
370 Maple Avenue West
Suite 4
Vienna, VA 22180-5615

Peter S. Smith
Assistant United States Attorney
555 4th St., N.W., Room 8104
Washington, D.C. 20530

Matthew Shors
O'Melveny & Meyers LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001

Paul R.Q. Wolfson
Wilmer Culter Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006

/s/ Richard E. Gardiner
RICHARD E. GARDINER