**RICHARD E. GARDINER**
ATTORNEY AT LAW
SUITE 403
3925 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
TELEPHONE (703) 352-7276
FAX (703) 359-0938
REGARDINER@COX.NET

May 12, 2011

Mark J. Langer
Clerk
United States Court of Appeals
for the District of Columbia Circuit
333 Constitution Ave., N.W.
Washington, D.C. 20001

    Re: Submission under Federal Rule of Appellate Procedure 28(j) in
       *Heller v. District of Columbia*, No. 10-7036
       (argued on Nov. 15, 2010, before Judges Ginsburg, Henderson,
       and Kavanaugh)

Dear Mr. Langer:

    Pursuant to Federal Rule of Appellate Procedure 28(j), Appellants Dick Anthony Heller *et al.* hereby respond to the submission of Appellees concerning *United States* v. *Booker*, Nos. 09-1810 & 09-2302, 2011 WL 1631947 (1st Cir. May 2, 2011).

    In *Booker*:

    the appellants argue that strict scrutiny is required, because § 922(g)(9) infringes upon the "core" constitutional right recognized in *Heller* to "possess firearms in the home," FN17 whereas the government urges that we adopt intermediate scrutiny (while asserting that the law would survive more stringent review).

2011 WL 1631947 *11.

    In footnote 17, the court stated:

    While we do not attempt to discern the "core" Second Amendment right vindicated in *Heller*, we note that *Heller* stated that the Second Amendment "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." 554 U.S. at 635. We would question whether appellants, who manifestly are not

"law-abiding, responsible citizens," fall within this zone of interest.

*Id.*

Further, the court stated:

Section 922(g)(9) finds its animating interest in keeping guns away from people who have been proven to engage in violence with those with whom they share a domestically intimate or familial relationship, or who live with them or the like.

*Id.*

Thus, the First Circuit did not reject strict scrutiny with respect to law-abiding, responsible citizens who wished to use arms in defense of hearth and home.

Respectfully submitted,

/s/ Richard E. Gardiner
3925 Chain Bridge Road
Suite 403
Fairfax, VA 22030
(703) 352-7276
regardiner@cox.net

Counsel for Appellants

**CERTIFICATE OF SERVICE**

I certify that on May 12, 2011, electronic copies of this letter were served through the court's CM/ECF system and paper copies were mailed by first-class mail, postage prepaid, to:

Todd S. Kim
Solicitor General
Office of the Attorney General
441 4th Street, NW, Suite 600S
Washington, D.C. 20001

Matthew Shors
O'Melveny & Meyers LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001

William J. Olson
370 Maple Avenue West
Suite 4
Vienna, VA 22180-5615

Paul R.Q. Wolfson
Wilmer Culter Pickering Hale
and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006

Chrisellen Kolb
Deputy Chief, Appellate Division
USAO/DC
USAO/Appellate Division
555 Fourth Street, N.W. Room 8104
Washington, D.C. 20530

/s/ Richard E. Gardiner
RICHARD E. GARDINER