STEPHEN P. HALBROOK, PH.D.
ATTORNEY AT LAW
SUITE 403
3925 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030

TELEPHONE (703) 352-7276         protell@aol.com
FAX (703) 359-0938               www.stephenhalbrook.com

July 11, 2011

Mark J. Langer, Clerk
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Ave., N.W.
Washington, D.C. 20001

    Re: *Heller v. District of Columbia*, No. 10-7036 (argued on Nov. 15, 2010, before Judges Ginsburg, Henderson, and Kavanaugh)

Dear Mr. Langer:

    Pursuant to F.R.App.P. 28(j), Appellants submit the following from *Ezell v. City of Chicago*, No. 10–3525, 2011 WL 2623511 (7th Cir. July 6, 2011) (slip opinion attached).

    Invalidating Chicago's ban on shooting ranges, *Ezell* reversed the lower court's denial of an injunction, which "proceeded from a default position in favor of the City. . . . [T]he default position cannot be reconciled with *Heller*." *Id*. at *11.

    *Ezell* explained that "if the government can establish that a challenged firearms law regulates activity falling outside the scope of the Second Amendment right as it was understood at the relevant historical moment – 1791 or 1868 – then the analysis can stop there; the regulated activity is categorically unprotected . . . ." *Id*. at *12. "If the government cannot establish this – if the historical evidence is inconclusive or suggests that the regulated activity is not categorically unprotected – then there must be a second inquiry into the strength of the government's justification . . . ." *Id*. at *13. "Both *Heller* and *McDonald* suggest that broadly prohibitory laws restricting the core Second Amendment right . . . are categorically unconstitutional." *Id*.

1

*Heller* and *McDonald* "make it clear that the deferential rational-basis standard is out, and with it the presumption of constitutionality. . . . This necessarily means that the City bears the burden of justifying its action under some heightened standard of judicial review." *Id*. at *15. In a case involving law-abiding persons, "a more rigorous showing than that applied in *Skoien* [i.e., intermediate scrutiny] should be required, if not quite 'strict scrutiny.'" *Id*. at *17.

Since "the City presented no data or expert opinion to support the range ban," its "claimed public-safety concerns" are "entirely speculative." *Id*. at *17. The City asserted the risk of death and injury, but "produced no evidence to establish that these are realistic concerns, much less that they warrant a total prohibition . . . ." *Id*. at *18. In sum, "the harms invoked by the City are entirely speculative and in any event may be addressed by more closely tailored regulatory measures." *Id*. at *19.

The above supports the arguments set forth in the Brief of Appellants at 19-29, 46, and 48.

Respectfully submitted,

/s/ Stephen P. Halbrook

3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
(703) 352-7276

Counsel for Appellants

# CERTIFICATE OF SERVICE

I certify that on July 11, 2011, electronic copies of this letter were served through the Court's CM/ECF system and paper copies were mailed by first-class mail, postage prepaid, to:

Todd S. Kim
Solicitor General
Office of the Attorney General
441 4th Street, NW, Suite 600S
Washington, D.C. 20001

Matthew Shors
O'Melveny & Meyers LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001

William J. Olson
370 Maple Avenue West
Suite 4
Vienna, VA 22180-5615

Paul R.Q. Wolfson
Wilmer Culter Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006

Chrisellen Kolb
Deputy Chief, Appellate Division
USAO/DC
USAO/Appellate Division
555 Fourth Street, N.W. Room 8104
Washington, D.C. 20530

/s/ Stephen P. Halbrook
STEPHEN P. HALBROOK