# GOVERNMENT OF THE DISTRICT OF COLUMBIA
### OFFICE OF THE ATTORNEY GENERAL
### OFFICE OF THE SOLICITOR GENERAL



July 13, 2011

Mark J. Langer, Clerk
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Ave., N.W.
Washington, D.C. 20001

Re: Response to submission under Federal Rule of Appellate Procedure 28(j) in *Heller v. District of Columbia*, No. 10-7036 (argued on Nov. 15, 2010, before Judges Ginsburg, Henderson, and Kavanaugh)

Dear Mr. Langer:

In their recent submission under Federal Rule of Appellate Procedure 28(j), plaintiffs misread *Ezell v. City of Chicago*, No. 10-3525, 2011 WL 2623511 (7th Cir. July 6, 2011), which supports affirmance here.

Given that plaintiffs' position is premised on the adoption of strict scrutiny, this Court need do no more than reject strict scrutiny to reject their Second Amendment claim. Appellants' Brief 19–52; *see* Appellees' Brief 17, 37, 53–54. In *Ezell*, the Seventh Circuit did not apply strict scrutiny but rather adhered to earlier holdings that, contrary to plaintiffs' argument, strict scrutiny does not apply to every Second Amendment claim. 2011 WL 2623511, at *15–17; *see* Appellees' Brief 37–39.

Further, plaintiffs misstate the *Ezell* court's reasoning as to the scrutiny it did apply. The court applied a level "more rigorous" than intermediate scrutiny, but not simply because plaintiffs there were "law-abiding persons." 2011 WL 2623511, at *17. The appropriate level of scrutiny instead depended on a variety of factors, including that plaintiffs were challenging "a serious encroachment on the right to maintain proficiency in firearm use, an important corollary to the

---

meaningful exercise of the core right to possess firearms for self-defense"—a flat ban on firing ranges in Chicago, where range training is a legal prerequisite to lawful firearm possession. *Id.*; *see id.* at *13. For the reasons previously explained, the laws at issue here do not similarly burden Second Amendment rights, especially as applied to plaintiffs. Appellees' Brief 13–17, 23–37, 48–50; *see Ezell*, 2011 WL 2623511, at *15 (distinguishing licensing regimes); *see also id.* at *21 (Rovner, J., concurring) (disagreeing that "more rigorous" scrutiny than intermediate scrutiny should apply).

Plaintiffs also relate how the *Ezell* court found the harms Chicago invoked at a preliminary injunction hearing were "entirely speculative" and could "be addressed by more closely tailored regulatory measures." *Id.* at *19. The provisions challenged here are different from a range ban and have a detailed legislative record supporting them. The provisions survive intermediate scrutiny or reasonableness review for the reasons previously explained. Appellees' Brief 53–57; Joint Appendix 164–76.

Respectfully submitted,

Irvin B. Nathan
Attorney General

/s/ Todd Kim

Todd Kim
Solicitor General
Office of the Attorney General
One Judiciary Square
441 4th Street, N.W.
Suite 600 South
Washington, D.C. 20001
todd.kim@dc.gov

# CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2011, electronic copies of this letter were sent via the Court's CM/ECF system and hard copies were mailed to:

Stephen P. Halbrook
3925 Chain Bridge Road
Suite 403
Fairfax, VA 22030
protell@aol.com

Matthew Shors
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4001
mshors@omm.com

William J. Olson
370 Maple Avenue West
Suite 4
Vienna, VA 22180-5615
wjo@mindspring.com

Paul R.Q. Wolfson
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
paul.wolfson@wilmerhale.com

/s/ Todd S. Kim
TODD S. KIM
Solicitor General